[No. 6496.    Decided March 9, 1907.]

J. C. SHORNO, *Respondent*, v. H. B. DOAK *et al.*, *Appellants*.[1]

APPEAL—REVIEW—HARMLESS ERROR. Upon an appeal from an order granting a temporary injunction after a hearing, error in granting a preliminary restraining order until the hearing, is. immaterial.

APPEAL—RECORDS—AFFIDAVITS. Affidavits and copies of records, used on the hearing of an application for an injunction, not brought up by a bill of exceptions or statement of facts, will be struck out on motion.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered March 20, 1906, granting a temporary injunction to restrain a sale of real property under execution. Affirmed.

*Casey & Casey, McCafferty & Bell,* and *J. W. Simpson,* for appellants.

*O. R. Holcomb,* for respondent.

[1]Reported in 88 Pac. 1113.

PER CURIAM.—This action was brought in the superior court of Spokane county to restrain a sale of real property under an execution issued out of the superior court of King county. On the 1st day of March, 1906, a temporary restraining order was issued, without notice, accompanied by a show cause order requiring the defendants to appear and show cause on the 14th day of March, 1906, why such restraining order should not continue in force until the final hearing. The defendants appeared specially and moved the court to dissolve the temporary restraining order, for the reason that the same was improvidently and inadvertently issued, and that no emergency therefor was shown. This motion was denied, and the application for a temporary restraining order was heard on the complaint, affidavits and other documentary evidence. At such hearing a temporary injunction was granted until the final hearing of the cause, and from the order granting the same, this appeal is prosecuted.

Error is assigned in the granting of, and in the refusal of the court to vacate, the temporary restraining order granted without notice, for the reason stated in the motion, but even if the contention of the appellants were sustained, it would not affect the temporary injunction granted after notice and a hearing from which the present appeal was taken. The principle and perhaps the only issue in the case was, whether there was in fact a judgment of the superior court of King county in the action wherein the execution in controversy was issued. The complaint alleged that there was no such judgment, and unless the contrary appears elsewhere in the record the judgment should be affirmed. The respondent has moved the court to strike from the record certain affidavits and certified copies of records, for the reason that such papers and documents are not embodied in a bill of exceptions or statement of facts, and form no part of the record on appeal. This court has repeatedly so held, and inasmuch as the affidavits and records were simply certified to by the trial judge, *ex parte*, and without notice to the respondent, the motion to

strike must be granted. In the absence of the testimony on which the court below acted, there is nothing before us for review, and the judgment must be affirmed. It is so ordered.