[No. 28712. Department Two. August 7, 1942.]

THE STATE OF WASHINGTON, *Respondent,* v. H. J. DOOLY, *Appellant.*[1]

[1]Reported in 128 P. (2d) 486.

H. J. *Dooley, pro se,* and *J. P. Tonkoff,* for appellant.

*Lloyd L. Wiehl* and *Ian R. MacIver,* for respondent.

JEFFERS, J.—On or about January 4, 1940, H. J. Dooly was, by an information filed in the superior court for Yakima county, in cause No. 5668 of that county, charged with the crime of "petit larceny by check," under Rem. Rev. Stat., § 2601-2 [P. C. § 8887]. On May 16, 1940, Dooly pleaded guilty to the charge, and the court entered judgment finding him guilty of the offense charged, but no sentence was imposed at that time.

On May 16, 1940, an information was filed in the superior court for Yakima county, charging Dooly with being "an habitual criminal." In this information, it is alleged that defendant has been twice convicted, once of a felony (describing the crime), and, second, of the crime charged in cause No. 5668. The habitual criminal case was No. 5754 of the records of the superior court for Yakima county. Defendant also pleaded guilty to the charge of being an habitual criminal, and

the court adjudged him so to be but did not impose any sentence in this case.

Immediately after Dooly had been adjudged to be an habitual criminal, the state moved for judgment and sentence in cause No. 5668 (the check charge), that being the last substantive offense of which defendant had been convicted, whereupon the court entered judgment and sentence, under which Dooly was adjudged guilty of the crime of petit larceny by check and ordered confined at hard labor in the penitentiary at Walla Walla for a period of not more than twenty years. In this judgment and sentence, no reference was made to the fact that Dooly had been adjudged to be an habitual criminal and that the increased punishment imposed upon defendant for the substantive offense was because of such adjudication, but, in so far as appears from the judgment, defendant was sentenced to the penitentiary for not more than twenty years on a petit larceny conviction.

Petit larceny is a gross misdemeanor. Rem. Rev. Stat., § 2601-2, under which the petit larceny charge was brought, contains no provision for punishment, and the only punishment, therefore, which could be imposed for a conviction under that section is that provided by Rem. Rev. Stat., § 2267 [P. C. § 8702], which provides:

"Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

On or about January 31, 1942, the superior court entered an order directing the superintendent of the penitentiary to bring Dooly before it for the imposition of a proper judgment and sentence. On February 9,

1942, Dooly was brought before the court, being at that time represented by counsel (not present counsel), whereupon the state moved for the imposition of a proper judgment and sentence in cause No. 5668. Defendant objected to the imposition of judgment and sentence, upon the ground that the court was without jurisdiction of the person, the subject matter, or the crime charged. The court thereafter, and on February 9, 1942, in cause No. 5668, entered judgment and sentence under which defendant was ordered confined in the penitentiary at Walla Walla for not more than twenty years. Defendant has appealed from this judgment and sentence.

In view of the confusion which has arisen in these habitual criminal cases as to the form of judgment to be entered, we quote a portion of the judgment of February 9th, believing, as we do, that at least it presents a form which is proper in these cases. After reciting that on May 16, 1940, the defendant was charged and adjudged to be an habitual criminal, the judgment provides:

"It is ordered, adjudged and decreed that said J. H. Dooly is guilty of the crime of petit larceny by check, and by reason of the fact that he has been heretofore adjudged to be an habitual criminal, as hereinabove stated, that he be punished by confinement at hard labor at the state penitentiary of Washington at Walla Walla, Washington, for a period of not more than twenty years. . . ."

We are of the opinion the above outlines a proper procedure to be followed in these cases. The judgment and sentence is imposed in the petit larceny case and for that substantive offense, but the increased penalty is because of the adjudication that appellant is an habitual criminal, which fact should appear in the judgment and sentence.

The statement of facts filed herein consists of two pages and the certificate of the trial judge. It does not purport to contain any testimony, but consists of a recitation of what transpired before the court. No affidavits or exhibits are attached to or made a part of the statement, and the judge's certificate refers to none.

Appellant has filed in this court affidavits purporting to show certain proceedings in the United States district court for the eastern district of Washington, and the action taken by Honorable Lewis B. Schwellenbach, judge of that court. From these affidavits, it appears that appellant demanded that his then attorney take certain action relative to such proceedings. It does not appear from the record properly before us that the trial court had presented to it, or that it considered, anything pertaining to any action taken by the United States district court, and we are of the opinion that we cannot consider any matter brought up by way of affidavits which are not a part of the statement of facts and which are not referred to in the certificate of the trial judge. *Shorno v. Doak*, 45 Wash. 613, 88 Pac. 1113; *Marsh v. West Fir Logging Co.*, 154 Wash. 137, 281 Pac. 340.

While there are certain questions raised by appellant in his opening brief to which we shall later refer, we are of the opinion that, on the record before us, there are two main questions to be decided: (1) Was the judgment and sentence imposed by the court May 16, 1940, in cause No. 5668 void, or voidable only? (2) Did the court have the right, after the expiration of more than one year from the date of the original judgment and sentence, to order the appellant brought before it and impose the judgment and sentence from which this appeal is taken?

The judgment and sentence of May 16, 1940, showed only that appellant had been convicted of the

crime of petit larceny by check. This being true, the court was not authorized to do other than order appellant to be confined in the county jail for not more than one year, or order him to pay a fine of not more than one thousand dollars, or to impose both a jail sentence and a fine. The court was absolutely without authority under the statute to order appellant confined in the penitentiary at Walla Walla for the crime of petit larceny.

The authorities seem to be quite universal that, where the law provides a place of imprisonment, the court cannot direct a different place, and if it does so the sentence is void. 15 Am. Jur. 119, § 462. In the same volume of American Jurisprudence, p. 120, § 463, we find this statement:

"If a sentence is absolutely unauthorized or of an entirely different character from that authorized by law, it is generally held that such sentence is void and that the prisoner will be discharged on habeas corpus, at least from imprisonment under that particular sentence."

In 76 A. L. R., beginning at page 495, under "Rule Where Sentence is Void," many cases are collected, and on page 511, under the heading "Prisoner Discharged but Remanded," are cited, among others, the case of *In re Bonner,* 151 U. S. 242, 38 L. Ed. 149, 14 S. Ct. 323, and the case of *In re Williamson,* 116 Wash. 560, 200 Pac. 329. In the *Bonner* case, the court quoted from the case of *In re Mills,* 135 U. S. 263, 34 L. Ed. 108, 10 S. Ct. 762, as follows:

"The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void."

In the cited case, the court further stated that there was no question of excess punishment, but the prisoner

was ordered to be confined in the penitentiary, where the law did not allow him to be sent for a single hour. It was ordered that the writ of *habeas corpus* issue, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law and the verdict against him.

While the time element here involved was not present in the case of *In re Williamson, supra,* and there was therefore no occasion in that case to discuss the second question presented in the instant case, we believe the cited case does recognize that, where a person is by the court committed to an institution different from that provided by law, such judgment and sentence is void.

We are of the opinion that it appears from the weight of authority that a judgment and sentence which purports to order a prisoner confined in an institution not authorized by law and different from that provided for, is absolutely void and not voidable.

Appellant cites *In re Blystone,* 75 Wash. 286, 134 Pac. 827; *State v. Ryan,* 146 Wash. 114, 261 Pac. 775; and *Hickman v. Fenton,* 120 Neb. 66, 231 N. W. 510, in support of his contention that the judgment and sentence herein is not void but voidable. We do not think the cases are in point here. In none of them was the defendant confined or ordered to be confined in an institution not authorized by statute as punishment for the crime of which he was convicted. The question in the cited cases was whether the judgment and sentence was void or voidable because the court had imposed a minimum sentence not authorized by law. In both the *Ryan* and *Blystone* cases, it is apparent that the minimum sentence imposed by the court was greater than that authorized by law, the statute limiting the minimum to not less than six months nor more

than five years. In neither of those cases had the defendant served the minimum term which the court was authorized by statute to impose, and in the *Blystone* case the decision is undoubtedly rested on the general legal principle that, under a writ of *habeas corpus,* the inquiry is: Does the judgment exceed the authority of the court, and is the prisoner serving under a sentence beyond the power of the court to impose? In both cases, we held that the excessive minimum sentence did not render the entire judgment and sentence void and because thereof entitle the prisoner to the relief demanded, but that the judgment was voidable only.

We now come to the second question presented. Appellant argues that, more than one year having expired since the entry of the judgment and sentence of May 16, 1940, the superior court has lost jurisdiction and had no authority to make and enter the judgment and sentence of February 9, 1942.

This argument is based, first, on the claim that the judgment and sentence of May 16, 1940, was voidable and not void, and, second, on appellant's contention that the judgment of February 9, 1942, was an attempt to vacate or modify the former judgment. We have already held that the judgment and sentence of May 16, 1940, was void, and we are of the opinion that the judgment of February 9th was not an attempt to vacate or modify the former judgment, but was a new judgment and sentence imposed on the theory that the former judgment and sentence was void.

While there are some statements in the judgment of February 9th which might lead to the conclusion arrived at by appellant, we are satisfied that the judgment and sentence of February 9th was made and entered upon the theory hereinbefore stated. The original judgment and sentence being void, there was

nothing to prevent the superior court from at any time ordering the prisoner brought before it for the purpose of imposing a proper judgment and sentence, unless some prohibition is found in our constitution, the statutes, or the decisions.

 Appellant, in his opening brief, contends that the court had no authority to make and enter the judgment of February 9th, because more than ninety days had elapsed since the case was submitted to him, calling attention to Art. IV, § 20, of the state constitution, which provides that every case submitted to a judge of the superior court for his decision shall be decided by him within ninety days from the submission thereof.

We have specifically held that the superior court is a court of general jurisdiction, and a judge of that court may render a judgment at any time except as the law may forbid him, and that nothing in the constitutional provision requiring a decision within ninety days forbids a decision at any other time or lessens the jurisdiction of judges of the superior court. *In re Cress,* 13 Wn. (2d) 7, 123 P. (2d) 767.

We are of the opinion there is nothing in our constitution or statutes which prohibits a trial court at any time from ordering a prisoner brought before it for the purpose of imposing a proper judgment and sentence, where a prior judgment and sentence is void and not voidable only.

This conclusion is sustained by the great weight of authority outside this jurisdiction, as indicated by the case of *In re Bonner, supra,* and cases collected in 76 A. L. R. 511 *et seq.,* under the heading "Prisoner Discharged but Remanded," and by our own decisions in *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028, and *In re Cress, supra.*

We conclude, therefore, that the judgment and sentence entered on May 16, 1940, was, for the reasons

assigned, void, and, this being true, the trial court was authorized at any time thereafter to order the prisoner brought before it for the imposition of a proper judgment and sentence; that the judgment and sentence of February 9, 1942, was a proper and valid judgment and sentence, and within the jurisdiction of the court to make.

The judgment of the trial court is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and SIMPSON, JJ., concur.

