[Nos. 5828–1; 5842–1.   Division One.   July 24, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
ALLEN CHRISTOPHER, *Appellant*.

*John R. Muenster* and *Mark D. Mitshkun* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas E. Kelly, Deputy,* for respondent.

ANDERSEN, A.C.J.—

## FACTS OF CASE

Following a jury trial, the defendant was convicted of the crimes of taking motor vehicle without permission, RCW 9A.56.070, and theft in the third degree, RCW 9A.56.050. Based on these convictions, the defendant's probation in several earlier felony cases was also revoked. The two convictions and the revocations have been appealed and we have consolidated them for argument and decision.

The defendant was employed by Wildwood Furnishings, Inc., a manufacturer and wholesaler of waterbeds. One evening the defendant and a former employee of that firm, with whom he had been out drinking, went to the employer's plant. There they loaded a number of cartons, which according to the testimony contained a $300 waterbed, onto a truck owned by the employer. They then drove to a retail store in Seattle, Webfoot Waterbed, and sold the boxed waterbed for $200. Thereafter they abandoned the truck, divided the money and a short time later were arrested.

Prior to the defendant's trial, his companion was convicted of theft in the second degree arising out of the same occurrence. At the defendant's trial, the defendant did not testify on his own behalf but his companion did. The companion's testimony was that the defendant knew nothing of any crime and was just helping him as a friend. According to the companion's testimony, he owed the defendant money and obtained his assistance in picking up the waterbed by telling him that it was damaged merchandise which he had purchased for $84 and had the right to carry off. In cross–examination, the State showed that the companion had given numerous conflicting statements, and the jury by returning a guilty verdict showed that it disbelieved that testimony.

Five issues are presented.

## ISSUES

ISSUE ONE. Did the trial court commit prejudicial error by giving the following jury instruction in this case wherein the defendant did not testify:

### No. 15

Under the laws of this state, the fact that a defendant has previously been convicted of a crime is not of itself any evidence of his guilt in this case. It is, however, a circumstance which may be weighed and considered by you in the determination of what weight or credibility should be allowed his testimony as a witness in this case.

ISSUE TWO. Should the case against the defendant be dismissed under the speedy trial rule, CrR 3.3, because he was not brought to trial until 173 days after his arrest?

ISSUE THREE. When the police returned the allegedly stolen property to its owner without notifying the defendant or defense counsel, and without photographing more than the outside of the plain paper cartons in which the property was contained, did they thereby deprive the defendant of his right to due process of law?

ISSUE FOUR. Did the trial court err when it sentenced the defendant to a state institution, rather than to the county jail, for the gross misdemeanor of theft in the third degree?

ISSUE FIVE. Where the conviction of certain crimes is the sole basis for revocation of probation, and a new trial is granted as to such convictions, is a new probation revocation hearing also required?

DECISION

ISSUE ONE.

CONCLUSION. The trial court's instruction No. 15 to the jury was prejudicially erroneous and requires that a new trial be granted.

In the conference on instructions, defense counsel objected to the instruction to the jury concerning a defendant's prior convictions, *supra,* as improper since the defendant had not testified. The trial judge agreed. The prosecuting attorney also agreed and proposed that an instruction concerning the effect of a witness' prior conviction be given instead, since the defendant's companion, who testified, did have a criminal record. Due to the inadvertence of all concerned, the objected–to instruction on the effect of a *defendant*'s conviction of a crime was read to the jury by the trial court and was provided to the jury for consideration during its deliberations, rather than the intended instruction on the effect of a *witness'* prior conviction. Neither counsel objected or called the trial court's attention to the mistake in any way either at the time the instructions were read to the jury in open court or later, at the time of the defendant's post trial motions. The issue is raised for the first time on appeal.

■ One of the individual rights guaranteed to everyone by the federal and state constitutions is that no person shall be compelled in any criminal case to give evidence against himself or herself. U.S. Const. amend. 5, Const. art. 1, § 9. A corollary to this principle is stated in *State v. Sayward,* 63 Wn.2d 485, 490, 387 P.2d 746 (1963):

> We hold that it is prejudicial error to allow evidence of a prior conviction of a similar offense to be introduced in a jury trial where the defendant has not taken the stand and where no other exception to the general rule is shown to exist. This evidence is highly prejudicial and

easily tends to distract the jury from the primary charge before it because they may conclude that because he had once committed the offense, it is more likely that he had done so again.

Here the defendant did not take the stand, therefore his prior convictions could not be shown for the purpose of impeaching him. RCW 10.52.030. Neither is it contended that the defendant's prior record could be shown under any of the exceptions to the exclusionary rule. *See State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952). The instruction which was given, although cautionary in tenor, predicated its admonitions to the jury on "the fact that a defendant has previously been convicted of a crime . . ." Instruction No. 15. If the jury was not thus told outright that the defendant had previously been convicted of a crime, that was at least strongly inferred. The instruction was clearly erroneous.

The question then becomes whether the error was prejudicial. We hold that it was.

> When the record discloses *an error in an instruction* given on behalf of the party in whose favor the verdict was returned, the error is *presumed to have been prejudicial,* and to furnish ground for reversal, unless it affirmatively appears that it was harmless. . . .
>
> A harmless error is an error which is *trivial,* or *formal,* or *merely academic,* and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the final outcome of the case.*

*State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977), quoting *State v. Golladay,* 78 Wn.2d 121, 139, 470 P.2d 191 (1970).

There was nothing trivial, formal or merely academic about this error. It violated a fundamental constitutional right and must be presumed to have prejudiced the defendant. *State v. Eder,* 36 Wash. 482, 484, 78 P. 1023 (1904); *State v. Sayward, supra. See also Griffin v. California,* 380 U.S. 609, 615, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965). This is not a case where the evidence of a prior conviction was inadvertently introduced during the heat of

a trial and where the trial court could promptly instruct the jury to disregard it. The court's instruction solemnized the erroneous statement and placed it in the jury room throughout the jury's deliberations, and was thus even more likely to have been given considerable weight by the jury. *See Griffin v. California,* 380 U.S. at 614; *Lappin v. Lucurell,* 13 Wn. App. 277, 285, 534 P.2d 1038 (1975).

It is unfortunate that the trial judge was not given the opportunity to correct the inadvertent error as he doubtless would have if it had been pointed out to him by counsel. Although giving a trial judge the opportunity to correct trial errors is ordinarily essential in order to preserve the error for appeal, the rule is otherwise where the issue raised presents a question of whether the defendant's constitutional right to a fair trial was denied, as we hold it was here. *State v. Ruzicka,* 89 Wn.2d 217, 220, 570 P.2d 1208 (1977).

ISSUE TWO.

CONCLUSION. When a defendant has pleaded guilty to an offense, the subsequent withdrawal of that plea commences the running anew of the defendant's right to a trial within 60 or 90 days as prescribed by CrR 3.3.

A defendant by a plea of guilty waives a number of significant rights, including the right to a speedy trial. *See State v. Tourtellotte,* 88 Wn.2d 579, 583, 564 P.2d 799 (1977); CrR 3.3.

CrR 3.3 does not state when a trial must be set after the withdrawal of a guilty plea has been allowed. The defendant argues that the running of the 60 or 90 days, as the case may be, under CrR 3.3, is merely interrupted by the plea of guilty and that when the guilty plea is withdrawn, the time commences running from where it was when the guilty plea was entered. The defendant then argues from this that he is entitled to a dismissal of the charges against him with prejudice. Under the interpretation of the rule urged by the defendant, if a defendant in custody pleads guilty on the 59th day after being held to answer on a charge, then is later permitted to change the plea to not guilty, the State

would have to bring the defendant to trial within 1 day thereafter or the charge would have to be dismissed with prejudice. As the State Supreme Court said in a closely analogous situation, this "would place an impossible burden upon the prosecution and trial courts." *State v. Aleshire,* 89 Wn.2d 67, 69, 568 P.2d 799 (1977).

▮ *State v. Aleshire, supra,* involved a similar issue, when must the trial take place following the granting of a mistrial? Its reasoning is persuasive in the case before us:

> Within what time must the retrial occur? Some courts have allowed the time for retrial to be set within the discretion of the court, *e.g., Ruester v. Turner,* 250 So. 2d 264 (Fla. 1971). We believe it preferable that certainty prevail by adopting a definite time period for the retrial. That period should be the same applicable period set for the original trial. And, the time for retrial should commence running from the date of the mistrial. Thereafter, all provisions of CrR 3.3 should be applicable.

*State v. Aleshire, supra* at 69. It is even more reasonable that the same rule should be applied in this case, since here it was entirely the defendant's own action in pleading guilty that caused the trial date to be stricken in the first instance. *See State v. Barton,* 17 Wn. App. 846, 565 P.2d 830 (1977); *State v. Bepple,* 14 Wn. App. 491, 542 P.2d 1260 (1975). The time for retrial under CrR 3.3 commenced running from the date the guilty plea was withdrawn and the new not guilty plea was entered.

ISSUE THREE.

CONCLUSION. Under the facts presented, the disposal of the physical evidence prior to trial by the police did not deprive the defendant of his right to due process and was not error requiring that the charges be dismissed.

▮ Law enforcement authorities must preserve and disclose evidence if there is a reasonable possibility it would be material and favorable to the defense. *Brady v. Maryland,* 373 U.S. 83, 87, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963); *State v. Wright,* 87 Wn.2d 783, 788, 557 P.2d 1 (1976); *State v. Haynes,* 16 Wn. App. 778, 789, 559 P.2d 583 (1977).

The waterbed which the police returned to its rightful owner was immaterial to the defendant's auto theft conviction; therefore, the disposal of the waterbed was likewise immaterial to the conviction on that count.

Following the defense motion to dismiss the theft of the waterbed count originally charged as theft in the second degree, that charge was reduced by the trial court to theft in the third degree. Apparently the trial court reasoned that the condition of the waterbed itself, which was not shown by the photographs of the cartons containing it, could reasonably have shown that the property was worth less than the $250 required to sustain the charge of theft in the second degree. RCW 9A.56.040(1)(a). Theft in the third degree, on the other hand, can be sustained by proof that the property taken had any value. RCW 9A.56.050. All of the testimony in the case, including that of the defendant's own witnesses, was to the effect that a waterbed had been taken. Thus, there was no reasonable possibility that the waterbed itself, or photographs of the waterbed out of the cartons, would have been material and favorable to the defense. The return of the boxed waterbed to the owner, if error, was not prejudicial error.

ISSUE FOUR.

CONCLUSION. It was error to sentence the defendant to a state institution for a gross misdemeanor.

The form of the judgment and sentence submitted by the prosecuting attorney following the trial was signed by the trial court. It provided, among other things, that on the theft in the third degree count the defendant was sentenced to the State Department of Social and Health Services, Division of Institutions, for a maximum of 1 year. This was error.

■ Theft in the third degree is a gross misdemeanor. RCW 9A.56.050(2). A person convicted of a gross misdemeanor "shall be punished by imprisonment in the *county jail* for a maximum term fixed by the court of not more than one year . . ." (Italics ours.) RCW 9A.20.020(2). As

held in *State v. Dooly*, 14 Wn.2d 459, 464, 128 P.2d 486 (1942),

> where the law provides a place of imprisonment, the court cannot direct a different place, and if it does so the sentence is void.

This error is correctable by resentencing. *State v. Dooly, supra* at 467. For the reasons previously discussed, the defendant will have to be retried. If the defendant is again convicted, this error will doubtless not recur.

ISSUE FIVE.

CONCLUSION. The defendant is also entitled to a new probation revocation hearing.

A probationer can be revoked on less than a conviction of another crime or proof of guilt beyond a reasonable doubt. *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). However, as the defendant points out, and as the prosecutor concedes, the probation granted to this defendant on his prior felony convictions was revoked solely on the basis of his convictions for the theft of the waterbed and the truck. Since a new trial must be held on those theft convictions, a new probation revocation hearing must also be held in the trial court. CrR 7.5; *State v. Riddell*, 75 Wn.2d 85, 87, 449 P.2d 97 (1968); *see* RCW 9.95.230.

Reversed and remanded for a new trial on the convictions of taking motor vehicle without permission and theft in the third degree (King County cause No. 79855) and for a new probation revocation hearing on the defendant's prior felony convictions (King County cause Nos. 54376, 62346 and 71810).

JAMES and CALLOW, JJ., concur.

Reconsideration denied October 17, 1978.