[Nos. 13573-2-I; 13581-3-I. Division One. January 21, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES JOE NEWMAN, *Appellant.*

---

*Carey L. Critchlow* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Deputy,* for respondent.

SWANSON, J.—Charles Joe Newman appeals his conviction of first degree escape and probation revocation alleging that (1) the State wrongfully charged him with first degree escape under RCW 9A.76.110, the general escape statute, rather than under RCW 72.65.070 which is applicable to prisoners on leave who fail to return to a work release facility; and (2) one of the jury instructions unduly emphasized the State's theory and amounted to an unconstitu-

tional comment on the evidence. We reverse and remand for a new trial.

On January 4, 1982, Newman pleaded guilty to possession of stolen property. On November 14, 1982, the court sentenced him to imprisonment in a correctional facility under the control of the Department of Corrections for a term of not more than 5 years. The court then suspended the sentence upon several conditions. One was that Newman serve 1 year in the King County Jail. Thereafter, on January 18, 1983, the court modified the suspended sentence to allow Newman to serve the balance of his sentence in the work release program.

On February 24, 1983, Newman left King County Jail on a pass to look for work. He failed to return by the 4 p.m. deadline. Newman testified that although he intended to return, he became and remained so intoxicated that he was no longer conscious of the fact that he was required to return. The police later arrested him in his home on March 2, 1983, and charged him with escape under the general escape statute, RCW 9A.76.110.

The State moved to amend the information at the commencement of trial to add count 2, Failure To Return to Work Release Facility, contrary to RCW 72.65.070. The court granted the motion but required the State to elect between the two escape statutes. The trial court opined that the specific escape statute, RCW 72.65.070, was inapplicable to persons serving time in county jails as distinguished from those serving time in State correctional institutions. The State then withdrew its motion to amend the information and elected to proceed only under the general escape statute.

The case proceeded to trial before a jury. At the close of the State's case, defense counsel moved for dismissal on the ground that the State had improperly charged Newman under the general escape statute. The court denied the motion and the defense presented its case. Following the entry of a guilty verdict, Newman appealed.

Inmates on work release status may not be charged under

the general escape statute, RCW 9A.76.110,[1] because RCW 72.65.070 specifically applies to such cases. *State v. Danforth*, 97 Wn.2d 255, 643 P.2d 882 (1982); *see State v. Shriner*, 101 Wn.2d 576, 681 P.2d 237 (1984). RCW 72.65-.070 provides in part:

> Wilfully failing to return—Deemed escapee and fugitive—Penalty. Any *prisoner* approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony . . .

(Italics ours.) The question is whether Newman fell within the meaning of the term "prisoner" as defined in RCW 72.65.010(4):

> "Prisoner" shall mean a person either male or female, convicted of a felony and sentenced by the superior court to a term of confinement and treatment in a state correctional institution under the jurisdiction of the department.

It is undisputed that Newman was convicted of the felony of possessing stolen property in the second degree, contrary to RCW 9A.56.160. It is also apparent from the record that Newman was "sentenced by the superior court to a term of confinement . . . in a state correctional institution under the jurisdiction of the department" of corrections. The judgment and sentence provided:

> [I]t is therefore ORDERED, ADJUDGED and DECREED that . . . the defendant be sentenced to imprisonment in such penal institution or correction facility, under the jurisdiction and supervision of the Department of Corrections as pursuant to the provisions of RCW 72.13.120, for a maximum term of not more than FIVE (5) years, and a minimum term to be fixed by the Board of Prison Terms and Paroles.

██ The fact that Newman's sentence was thereafter

---

[1] RCW 9A.76.110 provides in pertinent part:

"*Escape in the first degree.* (1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility."

suspended does not preclude our finding that he was indeed "sentenced" to the Department of Corrections as required by RCW 72.65.010(4). Had the Legislature intended the convicted criminal to have actually "served" time in a State Department of Corrections facility and been on a work release only from a state facility, it should have stated so expressly, particularly in light of the strict construction given to penal statutes. *See, e.g., State v. Gore,* 101 Wn.2d 481, 486, 681 P.2d 227 (1984).

Additionally, the *Danforth* opinion overruled *State v. Descoteaux,* 94 Wn.2d 31, 32, 614 P.2d 179 (1980), to the extent it was inconsistent. In *Descoteaux,* the defendant–felon had been "in the custody of the Spokane work release unit of the Spokane County–City Detention Center" and failed to return from a work release. He was apprehended and charged with violating the first degree general escape statute, RCW 9A.76.110. The court upheld the authority of the State to charge Descoteaux under that statute. In *Danforth,* however, the Supreme Court ruled that a work release inmate from a state facility could be charged only under RCW 72.65.070 and specifically stated that *Descoteaux* was overruled to the extent it was inconsistent. This strongly suggests that Descoteaux, a work–release inmate at a "county–city" facility, could only be charged under RCW 72.65.070. Thus, Newman, also a county work–release inmate, likewise could be charged only under RCW 72.65-.070.

Also, Newman was a "prisoner" within the meaning of RCW 72.65.010(4) because a county jail falls within the chain of penal institutions of the state.

> Although a county jail is not a Washington state penal institution, it is a definite part of the penal and correctional system of the state. All criminal cases must be commenced and prosecuted in the name of the state of Washington. Art. IV, § 27, state constitution. Except for certain transitory offenses, not here pertinent, an accused person is charged by complaint, information, or indictment, and the case is tried before a justice or superior court for the county in which the offense against the

> peace and dignity of the state of Washington was committed. The authority to provide a place for the detention of persons charged wih [*sic*] the commission of a criminal offense, pending their trial, conviction, or sentence, has been delegated solely to the several counties. Apprehension, detention, and trial of an accused person are indispensable parts of the criminal process of this state.
>
> The legislature has made county jails a part of the penal or correctional system of the state by providing that the imprisonment penalty for misdemeanors and gross misdemeanors must be served in county jails. Hence, a county jail is a penal institution where criminal offenders against the state are incarcerated.
>
> The amended statute [former RCW 9.31.010] uses the word "prison." A county jail is a prison. In *State ex rel. Thompson v. Snell,* 46 Wash. 327, 333, 89 Pac. 931 (1907), we said: "The word 'prison' as used in the statute comprehends . . . any county jail, . . ."

*State v. Rinkes,* 49 Wn.2d 664, 666, 306 P.2d 205 (1957).

Finally, Newman's conduct was of the type the Legislature contemplated when it enacted RCW 72.65.070. As the Supreme Court articulated in *Danforth,* at page 258, the Legislature drew a distinction between "going over a prison wall", covered by the general escape statute, "and not returning to a specified place of custody", covered by the specific work–release escape statute.

Accordingly, Newman was improperly charged and convicted of first degree escape under RCW 9A.76.110. Therefore, the conviction is reversed and the cause is remanded for a new trial under the work–release escape statute, RCW 72.65.070.

Because the cause is remanded for a new trial, we deem it necessary to address Newman's challenge to the constitutionality of the "knowledge instruction," instruction 10. However, because our discussion of that instruction lacks precedential value, this portion of the opinion will not be published. *See* RCW 2.06.040.

■ We are finally confronted with an issue revolving around the revocation of Newman's probation. Because

Newman's probation was revoked due to his escape conviction and Newman's escape conviction is reversed and the case is remanded, the trial court must hold a new probation revocation hearing. *State v. Dowell,* 26 Wn. App. 629, 613 P.2d 197, *review denied,* 94 Wn.2d 1018 (1980); *State v. Christopher,* 20 Wn. App. 755, 583 P.2d 638 (1978); CrR 7.5.

Accordingly, we reverse and remand for disposition not inconsistent with this opinion.

CORBETT, C.J., and WILLIAMS, J., concur.