[No. 12083-6-II.   Division Two.   July 18, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK DOUGLAS LINNEMEYER, *Appellant.*

*Mark F. Baum* and *Baum & Etengoff,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael B. Dodds, Deputy,* for respondent.

THOMPSON, C.J.*—Jack Douglas Linnemeyer appeals judgments entered by the Superior Court directing that his sentence of 270 days for second degree possession of stolen property and his sentence for 318 days for third degree theft be served consecutively in a Washington Department of Corrections facility.[1] We hold the court did not have the

---

*This appeal was heard by a panel of Division Three judges sitting in Division Two.

[1]Mr. Linnemeyer was on probation for the third degree theft conviction. His probation was revoked following the second degree possession of stolen property conviction.

authority to sentence Mr. Linnemeyer to such a facility, and we remand for resentencing to the county jail.

The court relied on RCW 70.48.400 of the City and County Jails Act, which reads:

> Persons sentenced to felony terms or *a combination of terms* of more than three hundred sixty–five days of incarceration shall be committed to state institutions under the authority of the department of corrections. Persons serving sentences of three hundred sixty–five consecutive days or less may be sentenced to a jail as defined in RCW 70.48.020. All persons convicted of felonies or misdemeanors and sentenced to jail shall be the financial responsibility of the city or county.

(Italics ours.)

Second degree possession of stolen property is a class C felony; third degree theft is a gross misdemeanor. RCW 9A.56.160(2), .050(2). Mr. Linnemeyer contends that the court violated RCW 9A.20.020(2) when it sentenced him to the Department of Corrections. That statute provides:

> Every person convicted of a gross misdemeanor . . . shall be punished by imprisonment *in the county jail* for a maximum term fixed by the court of not more than one year . . .

(Italics ours.) In addition, under the Sentencing Reform Act of 1981, sentences of not more than 1 year of confinement for felony convictions shall be served in a facility operated, licensed, or utilized under contract by the county. RCW 9.94A.190(1). The only provision for confinement in the state institutions for such sentences is RCW 9.94A-.190(3), which states:

> A person who is sentenced for a felony to a term of not more than one year, and who is committed or returned to incarceration in a state facility on another felony conviction, either under the indeterminate sentencing laws, chapter 9.95 RCW, or under this chapter shall serve all terms of confinement, including a sentence of not more than one year, in a facility or institution operated, or utilized under contract, by the state, consistent with the provisions of RCW 9.94A.400.

■ When we construe the sentencing scheme,

> our function is to discover and give effect to the Legislature's intent. To discover that intent, we look to the enactment as a whole, along with statutes pertaining to the same subject matter, which must be harmonized if at all possible.

(Citations omitted.) *State v. Bernhard,* 108 Wn.2d 527, 533, 741 P.2d 1 (1987). The Superior Court's interpretation of RCW 70.48.400 conflicts with the provision of RCW 9A.20-.020 that all gross misdemeanants shall serve their sentences in the county jail.

■ RCW 9A.20.020 was originally enacted by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.20.020. RCW 70.48.400 was enacted by Laws of 1984, ch. 235, § 1. "[A] subsequent statute will not be held to repeal by implication a prior statute if the two can reasonably be reconciled." *South Hill Sewer Dist. v. Pierce Cy.,* 22 Wn. App. 738, 746, 591 P.2d 877 (1979) (citing *Babcock v. School Dist. 17,* 57 Wn.2d 578, 358 P.2d 547 (1961)). *See also* 1A N. Singer, *Statutory Construction* § 23.10, at 346 (4th ed. 1985). Here, the two statutes can be reconciled by construing RCW 70.48.400 as applying only to sentences for felonies.

■ We hold that RCW 70.48.400 authorizes the court to commit an offender to the state institution only if the offender's felony term or combination of *felony* terms exceeds 1 year. Mr. Linnemeyer's sentence is reversed and remanded to the Superior Court to correct the error by resentencing Mr. Linnemeyer to confinement in the county jail. "[W]here the law provides a place of imprisonment, the court cannot direct a different place, and if it does so the sentence is void." *State v. Christopher,* 20 Wn. App. 755, 763, 583 P.2d 638 (1978) (quoting *State v. Dooly,* 14 Wn.2d 459, 464, 128 P.2d 486 (1942)).

Reversed and remanded.

MUNSON and SHIELDS, JJ., concur.