[Nos. 34619-9-I; 35117-6-I.   Division One.   December 27, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. LEWIS
WILLIAM BESIO, *Appellant.*

*In the Matter of the Sentence of* LEWIS WILLIAM
BESIO, *Petitioner.*

*Richard R. Tassano* of *Washington Appellate Project*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Donna H. Mullen, Assistant*, for petitioner.

*David S. McEachran, Prosecuting Attorney*, and *Laura D. Hayes, Deputy*, for respondent.

COLEMAN, J. — Lewis William Besio was convicted of robbery, burglary, theft, and intimidating a witness. We reverse his conviction for intimidating a witness because the evidence is insufficient to show that he attempted to influence a witness's testimony. We affirm his conviction on the remaining counts. Regarding his sentence, we are asked to determine whether Besio may serve his gross misdemeanor term in the custody of the state because he received consecutive felony terms of more than one year. We find that a person serving a sentence in this situation is required by statute to serve the gross misdemeanor term in the county jail. Accordingly, we affirm in part and reverse in part.

On March 17, 1994, Besio was charged with three counts of robbery, one count of burglary, and one count of intimidating a witness. The State moved to join all five

counts for trial. Defense counsel objected, arguing for severance of two of the robbery counts because they related to separate incidents. The trial court granted severance in connection with one of the robbery counts but not the other. The State presented the following evidence regarding the counts joined for trial.

*Count 1: First Degree Robbery.* On the night of February 5, 1994, Besio and Shawn Sader knocked on the door to Jennifer Owen's apartment. Owen's friend, Chris Green, opened the door. Sader forced his way in, striking Green several times, and Besio followed. Besio entered the bedroom, pointed a gun at Owen, and asked for money and drugs. Owen gave Besio approximately four grams of marijuana.

*Count 4: Second Degree Robbery.* On December 4, 1993, Besio attended a party at the home of Kathy Passeck. Passeck knew Besio as "Snoopy" and referred to him by that name in her testimony. Around 2:30 that morning, Passeck and Besio drove to a convenience store. Passeck waited in the car while Besio went inside. The store clerk saw a man later identified as Besio enter, walk to the cooler, and pick up two twelve-packs of beer. The clerk positioned herself in Besio's path and announced that she could not sell beer after 2 A.M. Besio brushed past her and left the store without paying for the beer. Later that morning, law enforcement officers came to Passeck's apartment to ask about the car that had been seen leaving the store after the incident. Passeck gave a statement, but she did not tell the officers that Besio was hiding in the closet at the time. One month later, and two weeks after Besio and Passeck's boyfriend had a fight, Passeck picked Snoopy's picture out of a photo montage, identifying Besio as the person with whom she had driven to the convenience store.

*Counts 2 and 3: First Degree Burglary and Intimidating a Witness.* On February 15, 1994, Passeck, her son Justin, and a friend, Bryan Chambers, were eating dinner at Passeck's apartment. Besio and Sader entered the apart-

ment without knocking. Besio appeared angry and asked Passeck why she had picked his picture out of the lineup. Besio stated, "Friends don't rat on friends. Friends stick up for friends" and "will back them up." When Passeck and Chambers tried to get up from the couch, Besio pushed them back down. Passeck and Chambers heard Besio say that he was going to "take" them "out." Sader testified that, after arguing with Passeck about her involvement in the investigation, Besio stated he would "take [them] all out." Later that evening, officers located and arrested Besio, who gave his name as Richard Ruck. The officers discovered that Ruck also went by the name of Lewis Haskins.

The trial court denied Besio's pretrial motions to exclude evidence of his aliases and introduce evidence of Passeck's prior conviction for delivering a controlled substance.

The jury found Besio guilty as charged of counts 1, 2, and 3, all felonies. RCW 9A.56.200(2); RCW 9A.52.020(2); RCW 9A.72.110(3). The court sentenced Besio to standard range sentences of 140 months, 89 months, and 41 months, respectively, to run concurrently. On count 4, the jury found Besio guilty of the lesser included offense of third degree theft, a gross misdemeanor. RCW 9A.56.050. Besio received 12 months for this offense, to run consecutively. The court ordered Besio into the custody of the Department of Corrections, which subsequently filed a postsentence petition with this Court seeking to clarify which government entity is responsible for confining Besio during the gross misdemeanor term of his sentence.

■ Because we are publishing this opinion in part, we first address the sentencing issue. Under the classification of crimes statutes, RCW 9A.20, "[e]very person convicted of a gross misdemeanor . . . shall be punished by imprisonment in the county jail for a maximum term . . . of not more than one year[.]" RCW 9A.20.021(2). *See also* RCW 9.92.020 (gross misdemeanor to be served in county jail). " '[W]here the law provides a place of imprisonment, the

court cannot direct a different place, and if it does so the sentence is void.' " *State v. Linnemeyer*, 54 Wn. App. 767, 770, 776 P.2d 151 (1989) (quoting *State v. Christopher*, 20 Wn. App. 755, 763, 583 P.2d 638 (1978)). The parties ask this court to determine whether the Sentencing Reform Act of 1981 (SRA) authorizes a different place of imprisonment for a person serving a gross misdemeanor term when that term is imposed consecutive to a felony term of more than one year.

The parties direct the court to the following SRA provision:

**Terms of more than one year or less than one year— Where served—Reimbursement of costs.**

(1) *A sentence that includes a term or terms of confinement totaling more than one year shall be served in a facility or institution operated, or utilized under contract, by the state.* Except as provided for in subsection (3) of this section, a sentence of not more than one year of confinement shall be served in a facility operated . . . by the county[.]

. . . .

(3) A person who is sentenced for a felony to a term of not more than one year, and who is committed or returned to incarceration in a state facility on another felony conviction . . . shall serve all terms of confinement, including a sentence of not more than one year, in a facility or institution operated, or utilized under contract, by the state, consistent with the provisions of RCW 9.94A.400.

RCW 9.94A.190 (emphasis added). The Department of Corrections argues that this provision refers to only felony terms of a sentence and does not apply to sentences that include both felony and gross misdemeanor terms. We agree.

■■ The appellate court's function in interpreting a statute is to discover and give effect to the Legislature's intent. That intent may be discovered by evaluating "the enactment as a whole, along with statutes pertaining to the same subject matter, which must be harmonized if at

all possible." *Linnemeyer*, 54 Wn. App. at 770 (quoting *State v. Bernhard*, 108 Wn.2d 527, 533, 741 P.2d 1 (1987)).

■ By its stated purpose and substantive provisions, the SRA scheme applies solely to felony convictions. RCW 9.94A.010 (purpose of SRA is to develop system for sentencing felony offenders); RCW 9.94A.030(23) ("offender" and "defendant" defined as person who has committed a felony); RCW 9.94A.040 (sentencing guidelines commission shall set standard sentence ranges for all felony offenses); RCW 9.94A.120 ("Sentences" provision applies "[w]hen a person is convicted of a felony"). The SRA provision at issue here is no exception; it does not purport to apply to sentences containing both felony and misdemeanor terms or otherwise attempt to address convictions for classifications other than felonies.

■ Interpreting the provision as applying only to felony terms of a sentence maintains harmony between the SRA and the statute directing persons convicted of gross misdemeanors to serve their sentences in county jails. This is consistent with the court's interpretation of a similar provision in *Linnemeyer*. In that case, the defendant was sentenced to 270 days for a felony and 318 days for a gross misdemeanor. The trial court ordered Linnemeyer to serve his sentence in a state prison under RCW 70.48, which provided that

> [p]ersons sentenced to felony terms or a combination of terms of more than three hundred sixty-five days of incarceration shall be committed to state institutions under the authority of the department of corrections. Persons serving sentences of three hundred sixty-five consecutive days or less may be sentenced to a jail[.]

RCW 70.48.400. To reconcile that provision with RCW 9.92.020, the court interpreted the provision as referring to felony terms or combinations of felony terms and not to a combination of felony and gross misdemeanor terms. *Linnemeyer*, 54 Wn. App. at 770. Thus, the court held that Linnemeyer should not have been ordered into the custody

of the Department of Corrections because his felony term was shorter than one year. °

We hold that RCW 9.94A.190 encompasses only felony terms and not gross misdemeanor terms combined with felony terms. Thus, under RCW 9A.20.021(2), Besio must serve his gross misdemeanor term in custody of the county. The trial court erred when it ordered Besio to serve his entire sentence in the state correctional system.[1]

Besio's conviction for intimidating a witness is reversed. The portion of the sentence ordering Besio to serve his sentence in the custody of the state is reversed and the case remanded for entry of an order consistent with this opinion. The judgment and sentence are affirmed in all other respects.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

GROSSE and BECKER, JJ., concur.

---

[1]Because the trial court gave Besio credit for time served before sentencing of 109 days but did not assign the credit to either the misdemeanor term or the felony terms, we remand to allow the trial court to do so.