[No. 22025-3-II. Division Two. January 8, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN J. DORN, *Appellant*.

*Donald B. Lundahl*, for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Joshua M. Quentzel, Deputy*, for respondent.

ARMSTRONG, J. — On October 1, 1996, Dorn was sentenced to 180 days in the county jail for the crime of theft in the second degree.[1] On November 21, 1996, he was granted a medical furlough to attend an eye examination the next day. Dorn did not return from his furlough, and was later apprehended in Oregon.

Dorn was charged with escape in the first degree, RCW 9A.76.110,[2] and convicted at a bench trial on stipulated facts. Dorn contends that he should have been charged with the specific crime of failure to return from a furlough,

---

[1]Theft in the second degree is a class C felony. RCW 9A.56.040.

[2]RCW 9A.76.110. Escape in the first degree: "(1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility. (2) Escape in the first degree is a class B felony."

RCW 72.66.060,[3] rather than under the general escape statute. We agree and, therefore reverse and remand.

Applicable Statutes

 " '[W]here a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute.' " *State v. Danforth*, 97 Wn.2d 255, 258, 643 P.2d 882 (1982) (quoting *State v. Cann*, 92 Wn.2d 193, 197, 595 P.2d 912 (1979)).

Thus, the question is whether Dorn could have been prosecuted under both statutes. The parties agree that Dorn fit the criteria under the first degree escape statute.[4] But the State contends that Dorn could not have been prosecuted under the furlough statute because RCW 72.66.010(2) defines a furlough as "an authorized leave of absence for an eligible resident . . . ." And "resident" is defined "as person convicted of a felony and serving a sentence for a term of confinement in a state correctional institution or facility . . . ." RCW 72.66.010(4). The State then turns to the work release statute, which defines "state correctional institutions" as "all state adult correctional facilities established pursuant to law under the jurisdiction of the department for the treatment of convicted felons sentenced to a term of confinement." RCW 72.65.010(3).[5] Therefore,

---

[3]RCW 72.66.060:

**Willfully failing to return—Deemed escapee and fugitive—Penalty.** Any furloughed prisoner who willfully fails to return to the designated place of confinement at the time specified in the order of furlough shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced to a term of confinement of not more than ten years. The provisions of this section shall be incorporated in every order of furlough granted by the department.

[4]*See supra* text accompanying note 2. *See also State v. Peters*, 35 Wn. App. 427, 431, 667 P.2d 136 (1983) ("A person who, while on work release or furlough, is not within the area where he is authorized to be at a particular time, or a person who has remained in an area where he was authorized to go beyond the time permitted him, has escaped 'from a detention facility.' ").

[5]The term "department" used in this definition means the Department of Corrections. RCW 72.65.010(1).

concludes the State, Dorn could not be prosecuted under the furlough statute because he was not a resident of a state correctional institution under the jurisdiction of the Department of Corrections. We disagree.

■■ In *State v. Basford*, 56 Wn. App. 268, 273, 783 P.2d 129 (1989), the court held that all convicted felons, even those sentenced to county jails, are under the authority of the Department of Corrections.[6] The court relied upon RCW 70.48.400, which provides that "[p]ersons sentenced to felony terms *or* a combination of terms of more than three hundred sixty-five days of incarceration shall be committed to state institutions under the authority of the [D]epartment of [C]orrections." (Emphasis added.) Noting the disjunctive, and that Basford had been convicted of a felony, Division Three held that Basford was under the authority of the Department of Corrections even while serving his sentence in a county jail, and that he was therefore a "prisoner" who could be charged under the applicable statute.[7]

*Basford* in turn relied upon *State v. Newman*, 40 Wn. App. 353, 707 P.2d 1356 (1985) and *Danforth*, 97 Wn.2d at 258. *Newman* held that county jails are part of the "penal or correctional system of the state," that a county jail was a "prison," and that "a county jail falls within the chain of penal institutions of the state." *Newman*, 40 Wn. App. at 357-58 (quoting *State v. Rinkes*, 49 Wn.2d 664, 666, 306 P.2d 205 (1957)). *Newman* noted that *Danforth*, which held that a prisoner covered by both the escape and failure-to-return-from-furlough statutes must be charged under the latter, expressly overruled a case in which an inmate had been held at a "county-city" facility.[8] *Basford* was recently followed in *State v. Smeltzer*, 86 Wn. App. 818, 939 P.2d 1235 (1997).

---

[6]As opposed to misdemeanants, who are under the punishment authority of the appropriate county. *Basford*, 56 Wn. App. at 273.

[7]*Basford* concerned a failure to return from a work release rather than a furlough, but the statutes are substantially similar. *Compare* RCW 72.65.070 with RCW 72.66.060.

[8]That case was *State v. Descoteaux*, 94 Wn.2d 31, 614 P.2d 179 (1980).

We agree with the reasoning of *Basford*. Because Dorn was subject to prosecution under RCW 72.66.060, the specific statute, the State was required to do so.

Reversed and remanded for further proceedings in accordance with this opinion.

SEINFELD and HUNT, JJ., concur.

Review denied at 137 Wn.2d 1035 (1999).