[No. 29451-6-II. Division Two. October 21, 2003.]

KEITH ANTON MORTELL, *Respondent*, v. THE STATE OF
WASHINGTON, ET AL., *Appellants*.

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard A. Melnick, Deputy,* for appellants.

*Edward L. Dunkerly,* for respondent.

BRIDGEWATER, J. — Keith Anton Mortell pleaded guilty to three counts of second degree vehicle prowl and three counts of third degree theft. Upon conviction, the district court ordered the sentences on all counts to run consecutively for a total of 585 days in county jail. The State appeals the granting of a writ of habeas corpus releasing Mortell from custody and voiding the portion of his sentence that exceeded one year. We hold that RCW 3.66.060, which provides for the criminal jurisdiction of district court, is

ambiguous as to whether the district court can impose a sentence for longer than one year at a single sentencing. But we interpret RCW 3.66.060 in conjunction with several other statutes, i.e., RCW 9A.20.021, 9.92.020, 9.92.080, and 70.48.020, and hold that in order to harmonize the statutory scheme and avoid absurd results, RCW 3.66.060 permits the district court to sentence for each count, regardless of whether the total sentence exceeds one year. We reverse.

This case was heard on stipulated facts. During the early morning of September 2, 2001, Keith Anton Mortell entered three vehicles, without permission, and stole several items from each. Each of the three vehicles belonged to different victims. Mortell was charged in Clark County District Court with second degree vehicle prowl and third degree theft for each incident, for a total of six counts.

Mortell pleaded guilty to all six counts. He received 365 days in jail with 185 days suspended on each of the vehicle prowls. He also received 365 days in jail with 350 days suspended for each of the theft charges. The court ordered that all counts run consecutively to each other. Mortell was ordered to serve 585 days in jail before being placed on probation for two years. Mortell was in continuous custody of the Clark County sheriff's department from September 2, 2001, until his temporary release on June 11, 2002. At all times, he was held in jail as defined in RCW 70.48.020.

Mortell filed a writ of habeas corpus in Clark County Superior Court for the State to show cause why his custody should not be terminated. The writ was granted, and the court voided the portion of Mortell's sentence imposing more than one year in jail.

■ RCW 3.66.060 governs criminal jurisdiction of district courts. The following language is in dispute:

> The district court shall have jurisdiction: (1) Concurrent with the superior court of all misdemeanor and gross misdemeanors committed in their respective counties and of all violations of city ordinances. *It shall in no event impose a greater punishment than* a fine of five thousand dollars, or

*imprisonment for one year in the county or city jail* as the case may be, or both such fine and imprisonment, unless otherwise expressly provided by statute.

RCW 3.66.060 (emphasis added).

The issue lies in the word "event": that is, the district court "shall *in no event* impose a greater punishment than a fine of five thousand dollars, or imprisonment for one year in the county or city jail." RCW 3.66.060 (emphasis added). The State defines the relevant "event" as referring to any individual charge or individual commission of crime; Mortell defines "event" more broadly, covering the current sentence imposed on one individual defendant, likening "in no event" to "never." Thus, the statute is unclear as to whether the district court can levy an aggregate sentence of more than one year, consisting of multiple consecutive sentences of less than one year each; hence, it is ambiguous.

In interpreting a statute, the court seeks to ascertain the legislature's intent. *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001). Such intent is discovered through principles of statutory construction and relevant case law. *Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002). Courts do not construe an unambiguous statute because plain words do not require construction, *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999), and meaning must be derived from the wording of the statute itself. *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). All language within the statute must be given effect so that no portion is rendered meaningless or superfluous. *Davis*, 137 Wn.2d at 963. Related statutory provisions must be harmonized to effectuate a consistent statutory scheme that maintains the integrity of the respective statutes. *State v. Chapman*, 140 Wn.2d 436, 448, 998 P.2d 282, *cert. denied*, 531 U.S. 984 (2000). Statutes relating to the same subject matter will be read as complementary. *State v. Wright*, 84 Wn.2d 645, 650, 529 P.2d 453 (1974). Furthermore, statutes should be construed to avoid unlikely, absurd, or strained consequences. *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990).

 Analyzing the language of RCW 3.66.060 as a whole supports the conclusion that aggregate consecutive sentences can exceed one year as long as the underlying sentences are less than one year. The first sentence explicitly states that the district court shall have concurrent jurisdiction with the superior court of all gross misdemeanors. "Concurrent jurisdiction" is defined as "[j]urisdiction exercised simultaneously by more than one court over the same subject matter and within the same territory." BLACK'S LAW DICTIONARY 855 (7th ed. 1999). As part of concurrent jurisdiction, district and superior courts are subject to the same statutory sentencing scheme.

Several provisions comprise this sentencing scheme. RCW 9.92.020 reads, in part, "Every person convicted of *a gross misdemeanor* . . . shall be punished by imprisonment in the county jail for *a maximum term fixed by the court of not more than one year*." (Emphasis added.) Similarly, RCW 9A.20.021(2) reads, in part, "Every person convicted of *a gross misdemeanor* defined in Title 9A RCW shall be punished by imprisonment in the county jail for *a maximum term fixed by the court of not more than one year*." (Emphasis added.) RCW 9.92.080(3) provides that "whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, . . . the sentences imposed therefor *shall run consecutively*, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof." (Emphasis added.) And RCW 70.48.020 defines a "correctional facility," such as the Clark County jail, as a facility used for housing adult persons serving "terms not exceeding one year for the purposes of punishment, correction, and rehabilitation following conviction of *a criminal offense*." (Emphasis added.)

RCW 9.92.020 and 9A.20.021(2) both contain the language "convicted of *a gross misdemeanor*." (Emphasis added.) The word "a" denotes one specific, discrete crime. Both statutes also contain the language "*a maximum term fixed by the court of not more than one year*." (Emphasis

added.) RCW 70.48.020 also contains the wording for "*a criminal offense*." (Emphasis added.) The use of "a" denotes a discrete sentence term. Therefore, the statutes refer to punishment of specific, discrete crimes that will not exceed one year imprisonment. And RCW 9.92.080(3) mandates that sentences run consecutively unless expressly ordered to run concurrently. As a whole, the scheme mandates that individual sentences be limited to one year or less and run consecutively.

According to Mortell's argument, district courts would frequently be unable to comply with RCW 9.92.080(3) when confronted with multiple gross misdemeanors in one information. District courts would be limited to resolving only those cases in which gross misdemeanor sentences aggregate less than one year. Mortell's argument creates the strained and unlikely consequence of precluding district courts from deciding every case involving aggregate consecutive sentences of more than one year. This consequence contradicts the legislative mandate in RCW 3.66.060 that district and superior courts have concurrent jurisdiction over gross misdemeanors. To maintain harmony within the gross misdemeanor sentencing scheme, we construe RCW 3.66.060 to limit only individual sentences and not aggregate consecutive sentences.

Courts seek to avoid unlikely, absurd, or strained consequences. *Fjermestad*, 114 Wn.2d at 835. Mortell argues that it is impossible to be sentenced to county jail for more than one year. Mortell's reasoning would create the absurd consequence of numerous gross misdemeanor convictions brought in one action to be limited to an aggregate sentence of one year. Ad infinitum a defendant could be convicted on dozens of discrete, severable gross misdemeanor counts and receive no greater jail time than one year in county jail. The statute requires that any person convicted of a gross misdemeanor must be punished in county jail. RCW 9.92.020 and 9A.20.021(2). The law provides a place of imprisonment and the court cannot direct a different place. *State v. Christopher*, 20 Wn. App. 755, 763, 583 P.2d 638

(1978). Mortell's argument would cap all aggregate punishments for misdemeanors at one year imprisonment in county jail regardless of number and degree. Incongruently, a misdemeanant sentenced on one count could serve the same amount of time as a misdemeanant sentenced on 40 counts. Prosecutors would be unable to seek suitable sentences without bringing numerous counts in individual actions. This does not accord with CrR 4.3 which provides for permissive joinder of offenses. It would be detrimental to court efficiency and state resource conservation if cases that could be joined under CrR 4.3 had to be severed to get around the sentencing restrictions Mortell proposes. The legislature could not have intended such absurd results when providing for the sentencing of gross misdemeanors.

The *Washington Practice Series* comports with the above discussion. "The sentence for a misdemeanor or gross misdemeanor must be served in the county jail. This remains true even if the defendant receives consecutive sentences exceeding 1 year." 13B Seth A. Fine & Douglas J. Ende, Washington Practice: Criminal Law § 4201 (2d ed. 1998) (citing *State v. Besio*, 80 Wn. App. 426, 907 P.2d 1220 (1995); *State v. Linnemeyer*, 54 Wn. App. 767, 776 P.2d 151 (1989)). California has reached the same understanding.

> A person who commits two or more misdemeanors is subject to the possible imposition of two or more separate punishments. He may be tried separately and sentenced separately on each, or he may be charged with a number of crimes in separate counts in one information. The use of a single information is sanctioned by law and is a decided convenience, but in no way does it change the separable character of the offenses charged, nor does it alter the rules governing punishment.

*People v. Carr*, 6 Cal. 2d 227, 57 P.2d 489, 489 (1936). It is clear that sentence restrictions for gross misdemeanors apply to discrete and severable crimes rather than aggregate consecutive sentences. Thus, we interpret the lan-

guage "[i]t shall in no event" to mean that the punishment for a *specific charge* shall not exceed one year.[1]

Reversed.

QUINN-BRINTNALL, A.C.J., and ARMSTRONG, J., concur.

---

[1] Because both courts are authorized to impose the same maximum sentence, RCW 3.66.065 is inapplicable to this determination.