[Nos. 13722-4-II; 13968-5-II.   Division Two.   August 21, 1991.]

THE STATE OF WASHINGTON, *Appellant,* v. PAUL A. KENT III, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. KELLY C. SMITH, *Respondent.*

*C.C. Bridgewater, Jr., Prosecuting Attorney,* and *Douglas S. Boole, Deputy,* for appellant.

*John A. Hays,* for respondents (appointed counsel for appeal).

PETRICH, A.C.J. — The State appeals the dismissal of second degree escape charges against Paul Kent, who was serving time at a work release facility, and Kelly Smith, who was on medical furlough. Both defendants were serving sentences for misdemeanor charges and failed to return to jail as the terms of their release required. We reverse.

On June 29, 1989, Kent left the jail for work with permission but failed to return. Smith was serving time in the Cowlitz County Jail for misdemeanor fines. He injured his back after 15 days in the work release program. They placed him in the medical unit and gave him a temporary release to see a neurologist. This release extended from November 9 to November 15, 1989. Smith failed to return on time.

The State charged both defendants with escape in the second degree, RCW 9A.76.120(1)(a). The trial court dismissed the charges against both defendants because it found that the term "escape" requires "some actual physical leaving of confinement without permission." The trial court found that because the defendants left the jail with permission they could not have escaped. The court also found that because the State cannot charge a similarly situated felon with escape for failing to return, it was a violation of the equal protection clause of the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington Constitution to charge these misdemeanants.[1]

---

[1]Neither party addresses the propriety of this conclusion. However, the basis of the conclusion is that the State cannot charge a felon with escape in the second degree for the same behavior as these defendants. Rather, the State must charge a felon under RCW 72.65.070 or RCW 72.66.060. These statutes specifically deal with the willful failure to return from work release and furlough. While both are class B felonies, the consequences of the latter offenses are less severe. *See State v. Basford*, 56 Wn. App. 268, 783 P.2d 129 (1989). Nonetheless, the basis of the court's conclusion was incorrect because, as noted below, not all felons are subject to RCW 72.65.070 and RCW 72.66.060.

We find that the trial court erred in concluding that the defendants' failure to return from work release or medical furlough did not constitute escape in the second degree. RCW 9A.76.120(1)(a) states: "A person is guilty of *escape* in the second degree if: . . . (a) He escapes from a detention facility . . .". RCW 9A.76.010(2)(e) defines "Detention facility" as "any *place* used for the confinement of a person . . . (e) in any work release, furlough, or other such facility or program . . . ". (Italics ours.) A "place" is "any area in which a person is permitted to go or remain according to the terms of his work release, furlough or comparable program." *State v. Peters*, 35 Wn. App. 427, 431, 667 P.2d 136, *review denied*, 100 Wn.2d 1025 (1983).

■ ■ As the Legislature has not defined "escape", the common ordinary definition of the term applies. *State v. Peters*, 35 Wn. App. at 431. An "escape" is an "evasion or deliverance from what confines, limits, or holds . . .; *specif* : an unlawful departure of a prisoner from the limits of his custody". *Webster's Third New International Dictionary* 774 (1969). "Common usage of the word 'escape' imports leaving physical confinement without permission." *State v. Brown*, 29 Wn. App. 770, 780, 630 P.2d 1378, *review denied*, 96 Wn.2d 1013 (1981).

■ We find the *Peters* decision controlling. There the court defined escape under RCW 9A.76.120(1)(a): "A person who, while on work release or furlough, is not within the area where he is authorized to be at a particular time, or a person who has remained in an area where he was authorized to go beyond the time permitted him, has escaped 'from a detention facility'." *State v. Peters*, 35 Wn. App. at 431.

Kent and Smith contend that the Legislature could not have intended the meaning the State suggests because, under that interpretation, the enactment of RCW 72.66.060[2] makes RCW 9A.76.120(1)(a) superfluous. We

---

[2]RCW 72.66.060 provides as follows:

"Any furloughed prisoner who wilfully fails to return to the designated place of confinement at the time specified in the order of furlough shall be deemed an

disagree. RCW 72.66.060 is a specific statute applying to felons under the control of the Department of Corrections. *See State v. Danforth*, 97 Wn.2d 255, 257-58, 643 P.2d 882 (1982) (when a special statute punishes the same conduct which a general statute punishes, the State can only charge the accused under the special statute). RCW 72.66.060 does not apply to misdemeanants or to felons under the county's custody.[3] These prisoners are subject to criminal liability under RCW 9A.76.120(1)(a). The defendants also contend that *Peters* does not control because they were not under direct physical control or custody and because they did not run or flee from their place of confinement.

Clearly, these defendants departed from the limits of their custody without permission by not returning to the facility. Nothing in the statute suggests that an escape only occurs when one is subject to direct physical control. To escape, one need not run or flee from custody; as the court stated in *Peters*, one need only be where he or she is not supposed to be or fail to be where he or she is supposed to be. This latter situation is precisely the case here.

Judgments reversed.

ALEXANDER and MORGAN, JJ., concur.

Review denied at 118 Wn.2d 1005 (1991).

---

escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced to a term of confinement of not more than ten years. The provisions of this section shall be incorporated in every order of furlough granted by the department."

[3]RCW 9.94A.190(3) provides that "a sentence of not more than one year of confinement shall be served in a facility operated, licensed, or utilized under contract, by the county . . .". Thus, such a felon would not be subject to RCW 72.66.060.