[No. 15669-9-III.   Division Three.   July 3, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY KEITH SMELTZER, *Appellant*.

*Paul J. Wasson*, for appellant.

*John G. Wetle, Prosecuting Attorney*, and *David M. Soukup, Deputy*, for respondent.

SCHULTHEIS, A.C.J. — After Larry Smeltzer was convicted for manufacturing a controlled substance and sentenced, the trial court allowed him a weekend furlough before serving his sentence. He failed to turn himself in on Monday and later was arrested on a bench warrant. He appeals his subsequent conviction for first degree escape, arguing he should have been charged under the more specific statute proscribing failure to return from a furlough. We reverse and remand.

On Friday, May 12, 1995, Mr. Smeltzer pleaded guilty to manufacturing marijuana[1] and he was sentenced to an exceptional sentence of 12 months and 1 day. As part of the plea agreement, the State agreed to recommend a weekend furlough before Mr. Smeltzer had to begin his term of incarceration in a state institution. The trial court accepted the recommendation and warned Mr. Smeltzer he needed to report back by noon on Monday. Mr. Smeltzer did not appear on Monday, the court issued a bench warrant, and he was eventually charged with first degree escape[2] after his capture.

In his bench trial on the escape charge, Mr. Smeltzer argued he should have been charged with willful failure

---

[1] Former RCW 69.50.401(a)(1)(ii).

[2] RCW 9A.76.110(1). The statute provides that "[a] person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility."

to return from furlough, RCW 72.66.060,[3] rather than first degree escape. This appeal followed his conviction. After considering the State's motion on the merits to affirm, the commissioner of this court found that the matter was not clearly controlled by settled law and denied the motion.

Mr. Smeltzer contends he was improperly charged under the general escape statute, RCW 9A.76.110, rather than the more specific failure to return from furlough statute, RCW 72.66.060. The State argues it could not have charged Mr. Smeltzer under RCW 72.66.060 because he did not meet the definition of a "furloughed prisoner."

■ General rules of statutory construction require that when a specific statute punishes the same conduct as a general statute, the specific prevails over the general. *State v. Danforth*, 97 Wn.2d 255, 257-58, 643 P.2d 882 (1982). The first degree escape statute applies generally to all felons who escape from a detention facility, defined in part as "any place used for the confinement of a person (a) arrested for, charged with or convicted of an offense . . . ." RCW 9A.76.010(2). The willful failure to return from furlough statute applies to "[a]ny furloughed prisoner" who escapes[4] (by failing to return) from a "designated place of confinement." RCW 72.66.060. A furlough is "an authorized leave of absence for an eligible resident," and a "resident" is defined as a felon serving a term of confinement in a state institution. RCW 72.66.010(2), (4). Both escape statutes apply to felons who are escapees from detention. The question here is whether Mr. Smeltzer

[3]The statute provides that "[a]ny furloughed prisoner who wilfully fails to return to the designated place of confinement at the time specified in the order of furlough shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced to a term of confinement of not more than ten years. The provisions of this section shall be incorporated in every order of furlough granted by the department."

[4]In *State v. Kent*, 62 Wn. App. 458, 460, 814 P.2d 1195, *review denied*, 118 Wn.2d 1005 (1991), the court adopted the definition of escape found in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 774 (1969): " 'an unlawful departure of a prisoner from the limits of his custody.' " Failure to return from work release or furlough was held to constitute escape from a detention facility. *Kent*, 62 Wn. App. at 460 (citing *State v. Peters*, 35 Wn. App. 427, 431, 667 P.2d 136, *review denied*, 100 Wn.2d 1025 (1983)).

qualifies as a furloughed resident who failed to return to a state correctional institution.

█ The State contends Mr. Smeltzer was still a county, rather than a state, prisoner. Although he had been convicted of a felony[5] and sentenced to confinement in a state institution, the State argues he had not yet been turned over to the Department of Corrections' custody, citing *State v. Kent*, 62 Wn. App. 458, 461, 814 P.2d 1195, *review denied*, 118 Wn.2d 1005 (1991). As *Kent* notes, however, only those felons who are sentenced to a year or less of confinement remain in county custody during their detention. *Kent*, 62 Wn. App. at 461 n.3 (citing RCW 9.94A.190). *See also* RCW 70.48.400 (felons sentenced to more than 365 days of detention are under the authority of the state department of corrections). Mr. Smeltzer was sentenced to a year and a day, and clearly was to serve his time in a state institution. Further, after sentencing, all felons are under the jurisdiction of the state's penal system, which includes even the county jails. *State v. Basford*, 56 Wn. App. 268, 272-73, 783 P.2d 129 (1989). Consequently, Mr. Smeltzer meets the qualifications for RCW 72.66.060 two ways: as a felon sentenced to more than a year of detention and as a felon already sentenced at the time of his escape.

█ Because he could have been charged under either RCW 9A.76.110 or RCW 72.66.060, Mr. Smeltzer should have been charged under the more specific statute, for willful failure to return from furlough. *Danforth*, 97 Wn.2d at 257-58. Violation of either statute may be punished with a sentence of up to 10 years, but an additional fine of up to $20,000 may be imposed for convic-

---

[5]The crime of manufacturing marijuana is treated as a class C felony. *See State v. McDougal*, 120 Wn.2d 334, 336 n.1, 841 P.2d 1232 (1992) (possession of marijuana, a Schedule I offense, is punished like a class C felony and should be regarded as such); RCW 69.50.204(c)(14) (marijuana is a Schedule I hallucinogenic substance); former RCW 69.50.401(a)(1)(ii) (unlawful to manufacture a Schedule I controlled substance, punishable with imprisonment for not more than five years and a fine of not more than $10,000); RCW 9A.20.021(1)(c) (punishment for a class C felony is imprisonment for not more than five years and a fine of not more than $10,000).

tion of first degree escape. RCW 9A.20.021(1)(b); 9A.76.110(1); 72.66.060. Additionally, the offender score for escape includes the number of all prior felonies, while the score for failure to return from furlough adds only the number of prior escape convictions. RCW 9.94A.360(14), (15). We note that it makes no sense to punish with greater impunity those convicted felons who fail to return to a county jail (under first degree escape) than those who fail to return to a state prison (under failure to return from furlough). Equal protection is better served by charging under RCW 72.66.060 all felons who fail to return to their "designated place of confinement," whether they fail to return to a county jail or a state prison. *See Basford*, 56 Wn. App. at 274-75.

In summary, the State failed to charge Mr. Smeltzer with the more specific of the two crimes with which he could be charged. As a result, his conviction must be reversed and the cause remanded for further proceedings. *Basford*, 56 Wn. App. at 275.

Reversed and remanded.

THOMPSON and KURTZ, JJ., concur.