38 P.3d 374 (2002)
STATE of Washington, Appellant,
v.
Ronald Steven LAW, Respondent.
No. 19655-1-III.
Court of Appeals of Washington, Division 3, Panel Eight.
January 17, 2002.
*376 Frank W. Jenny, II, Deputy Prosecuting Attorney, Pasco, for Appellant.
Robert J. Thompson, Pasco, for Respondent.
*375 BROWN, J.
The State appeals an order dismissing second degree escape charges against Ronald Law, based upon his failure to return to jail from temporary leave granted after plea, but before sentencing. The State correctly argues the trial court erred in concluding the willful failure to return from furlough statute, RCW 72.66.060 applied rather than RCW 9A.76.120(1)(a). We reverse.

FACTS
On May 9, 2000, Ronald Law pleaded guilty to felony possession of a controlled substance. Sentencing was scheduled for May 16, and Mr. Law was held in the Franklin County jail pending sentencing. On May 10, the court granted Mr. Law leave for a dental appointment. Mr. Law failed to return to jail as directed in the court's order.
The State charged Mr. Law with second degree escape under RCW 9A.76.120(1)(a). The trial court dismissed the charge after concluding Mr. Law should have been charged with the more specific and less serious crime of willful failure to return from furlough. RCW 72.66.060. The State appeals.

*377 ANALYSIS
The issue is whether the trial court erred as a matter of law by concluding RCW 9A.76.120(1)(a) was not applicable to Mr. Law's failure to return to custody after his temporary release from custody following his felony plea but before sentencing.

A. Statutory Construction
This appeal mainly raises questions of statutory construction. The choice, interpretation, or application of a statute to a set of facts is a matter of law reviewed de novo. State v. Johnson, 96 Wash.App. 813, 816, 981 P.2d 25 (1999). Said another way, the construction of a statute is a question of law, reviewed de novo. RCW 4.44.080; State v. Ammons, 136 Wash.2d 453, 456, 963 P.2d 812 (1998). The court's primary goal is to construe the statute in a manner consistent with the legislative intent. State v. Brown, 8 Wash.App. 639, 643, 509 P.2d 77 (1973). To that end, penal statutes are strictly construed to exclude activities not intended to be criminalized under the statute. Id.
RCW 9A.76.120, second degree escape, applies when a person escapes from a detention facility or custody. Factually, Mr. Law's actions fall within this definition. See State v. Peters, 35 Wash.App. 427, 667 P.2d 136 (1983); State v. Basford, 56 Wash.App. 268, 273, 783 P.2d 129 (1989); State v. Kent, 62 Wash.App. 458, 460, 814 P.2d 1195 (1991).
The Peters court reasoned:
A person who, while on work release or furlough, is not within the area where he is authorized to be at a particular time, or a person who has remained in an area where he was authorized to go beyond the time permitted him, has escaped "from a detention facility."
Peters, 35 Wash.App. at 431, 667 P.2d 136 (citing RCW 9A.76.010(2)(e)).
However, Mr. Law contends the State was required to charge him with the less severe, more specific crime of failure to return from furlough, RCW 72.66.060. When a general statute and specific statute are concurrent, the specific statute applies to the exclusion of the general. State v. Danforth, 97 Wash.2d 255, 258, 643 P.2d 882 (1982).
The willful failure to return from furlough statute, RCW 72.66.060, provides:
Any furloughed prisoner who wilfully fails to return to the designated place of confinement at the time specified in the order of furlough shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced to a term of confinement of not more than ten years. The provisions of this section shall be incorporated in every order of furlough granted by the department.
A "`furlough' means an authorized leave of absence for an eligible resident." RCW 72.66.010(2). A "resident" includes any "person convicted of a felony and serving a sentence for a term of confinement in a state correctional institution or facility." RCW 72.66.010(4).
The State argues the statute does not apply to Mr. Law's circumstances because he was not "serving a sentence" at the time he failed to return. Thus, he is not a "resident" and could not have been on furlough, as defined by the statute. We agree.
Several cases have addressed similar distinctions in determining whether an escapee's conduct falls within the definitions of a more specific, less severe, statute. These cases turn on whether the defendant was under the authority of the Department of Corrections (Department) at the time of the crime. In Kent, the court held that misdemeanants who failed to return from work release or furlough could be charged with escape. Kent, 62 Wash.App. at 460, 814 P.2d 1195. In comparing the escape statute with the failure to return from furlough statute, the court noted that RCW 72.66.060 applies solely to felons under the control of the Department. Kent, 62 Wash.App. at 461, 814 P.2d 1195. The statute does not apply to misdemeanants and felons in custody of the county, who are subject to the escape statute. Id.
Felons do not come under the control of the Department until sentenced. Basford, 56 Wash.App. at 273, 783 P.2d 129. Once sentenced, felons are under the jurisdiction of the Department, even if serving *378 time in a county jail. State v. Smeltzer, 86 Wash.App. 818, 821, 939 P.2d 1235 (1997). See also State v. Dorn, 93 Wash.App. 535, 538-39, 969 P.2d 129, review denied, 137 Wash.2d 1035, 980 P.2d 1281 (1999) (resident felons serving time in county jail are under the authority of the Department of Corrections and subject to the failure to return from authorized leave statutes).
The language of chapter 72.66 RCW further supports the State's position. Under this chapter, the Secretary of the Department grants furloughs. RCW 72.66.012; 72.66.010(5); 72.66.016; see 72.66.060 ("The provisions of this section shall be incorporated in every order of furlough granted by the department."). Read as a whole, the chapter, including RCW 72.66.060, applies solely to felons in the jurisdiction of the Department. See In re Personal Restraint of Piercy, 101 Wash.2d 490, 492, 681 P.2d 223 (1984) (acts are construed as a whole, considering all provisions, and, harmonizing all provisions, if possible, to insure proper construction of each provision).
Here, Mr. Law was detained pending sentencing. He was granted a temporary leave by the court, not the Department. He was not under the authority of the Department at the time he failed to return from an authorized leave. Consequently, Mr. Law was not serving a sentence, and cannot be charged with failure to return from furlough under RCW 72.66.060. In sum, the trial court erred when choosing the applicable law because it failed to properly interpret RCW 72.66.060. RCW 72.66.060 did not apply to the facts.

B. Res Judicata, Collateral Estoppel, and Equal Protection
Mr. Law argued below that res judicata and collateral estoppel applied. Mr. Law argued the State should not take a position contrary to a previous similar case where the State apparently agreed to dismiss an appeal, after conceding error. However, the trial court refused to decide the matter under res judicata or collateral estoppel principles. In his response brief facts, Mr. Law merely mentions the procedural history but makes no argument in support of the theories. Thus, we decline to address the issue. RAP 10.3(a) and (b).
Moreover, under the law of the case doctrine, we are not bound by cases with dissimilar facts or erroneous legal underpinnings, particularly when not a finally decided appeal. See State v. Clark, 143 Wash.2d 731, 744-45, 24 P.3d 1006 (2001). The trial court correctly disregarded res judicata and collateral estoppel based upon a wholly separate case not pursued to final appellate decision; no injustice is worked here. Id. Nor are we bound by erroneous concessions of legal error. See State v. Haack, 88 Wash.App. 423, 438, 958 P.2d 1001 (1997).
Next, without facts showing parties similarly situated, Mr. Law argues an equal protection violation. Although he complains he will get more time if the escape statute applies, he cites no authority nor provides any argument in his brief. See RAP 10.3(a)(5); State v. Lord, 117 Wash.2d 829, 853, 822 P.2d 177 (1991) (effect of argument unsupported by legal authority). Mr. Law's standard range for escape is much higher simply because of his criminal history. See RCW 9.94A.320; 9.94A.360(13) and (14) (offender score for failure to return from furlough considers only prior escape convictions whereas offender score for escape counts one point for each prior conviction).
The equal protection clauses of the state and federal constitutions guarantee that similarly situated individuals will receive like treatment under the law. U.S. CONST. amend. XIV; CONST. art. I, § 12; State v. Sigler, 85 Wash.App. 329, 333, 932 P.2d 710 (1997). Statutes are presumed constitutional and the party challenging it bears the burden of proving it unconstitutional beyond a reasonable doubt. State v. Brayman, 110 Wash.2d 183, 193, 751 P.2d 294 (1988). If there are facts that would conceivably "justify the legislation, those facts will be presumed to exist and the statute will be presumed to have been passed with reference to those facts." Id.
Mr. Law successfully argued below that his equal protection rights were *379 violated because his sentencing range for escape was much higher than the sentencing range for similarly situated felons convicted of failure to return from furlough while under the jurisdiction of the Department. However, the Sentencing Reform Act of 1981 was created to insure that sentences are commensurate with the punishment imposed on others committing similar offenses. RCW 9.94A.010(3); Basford, 56 Wash.App. at 274, 783 P.2d 129. Because Mr. Law is not in a suspect class, we review the classification under the rational relationship test. State v. Smith, 117 Wash.2d 263, 277, 814 P.2d 652 (1991). The test for determining whether a disparity in sentencing violates equal protection is whether a rational basis exists for differentiation between the defendants. State v. Bresolin, 13 Wash.App. 386, 397, 534 P.2d 1394 (1975).
Mr. Law's equal protection argument fails because he is not similarly situated to felons who take leave via furlough. Under RCW 72.66.016, a prisoner is not eligible for furlough until the prisoner has served a defined minimum amount of his or her sentence. Under RCW 72.66.016, even when under the jurisdiction of the Department, the Secretary cannot "furlough" an inmate until the defined minimum has been served. Mr. Law, on the other hand, had his entire sentence before him when given temporary release by the court. Thus, his situation and the corresponding deterrents were different. Policy decisions of this type are left for the Legislature. In any event, providing for greater deterrents in perceived higher risk situations is a rational basis for treating escape more severely than failure to return from furlough. This is true even when the escape conviction is premised upon the failure to return from an authorized leave.

C. New Legislation
Lastly, Mr. Law obscurely argues the 2001 legislative changes support his cause. "The State would have this court ... ignore the legislation [sic] fix created in last year's legislation." Br. of Respondent at 2. Again, he provides no authority for his argument; again, we disregard such arguments. RAP 10.3(a)(5). Effective July 1, 2001, the Legislature repealed chapter 72.66.060. Laws of 2001, ch. 264 (H.B.1227). The crime of failing to return from furlough will now be prosecuted as escape or bail jumping. Here, Mr. Law merely alludes to his equal protection claims, but his facts were fixed before the law's effective date.

CONCLUSION
As a matter of law, the trial court erred in concluding RCW 9A.76.120(1)(a) was not applicable to Mr. Law's failure to return to custody after his temporary release from custody following his felony plea but before sentencing. We find no merit in his res judicata, collateral estoppel, equal protection, or new legislation arguments.
Reversed.
WE CONCUR: KURTZ, C.J., and SWEENEY, J.