91 P.3d 133 (2004)
121 Wash.App. 898
STATE of Washington, Appellant,
v.
Christine Anastasia RIZOR, Doris Mae Smith, Kenneth Ray Brown, ANgela Lynn Nelson, Nathaniel Gerald Knox, Jennifer April Gomez, Melissa Ann Castillo, Antonio Garcia Valle, Rolando David Mireles, Francisca Rodriguez Sotelo, Respondents.
Nos. 22123-7-III, 22124-5-III, 22125-3-III, 22126-1-III, 22127-0-III, 22128-8-III, 22129-6-III, 22130-0-III, 22131-8-III, 22137-7-III.
Court of Appeals of Washington, Division 3, Panel Seven.
June 3, 2004.
*134 Gary A. Hintze, Deputy Prosecuting Attorney, Yakima, WA, for Appellant.
Louis Daniel Fessler, Attorney at Law, Yakima, WA, for Respondents.
KATO, C.J.
The State charged the respondents here with escape from community custody under RCW 72.09.310. Claiming they were not inmates under the statute, each moved to dismiss. The court reasoned that, because the respondents served their time at county jails, they were not in the custody of the Department of Corrections and thus were not inmates under RCW 72.09.310. The State appeals. We reverse.
These respondents were convicted of felonies after July 1, 2000. Each was sentenced to a term of less than one year to be served at the Yakima County Jail and to one year of community custody under former RCW 9.94A.383 (1988).
The respondents violated their terms of community custody by failing to report to the Department of Corrections; (DOC) as required. The State then charged them with escape from community custody under RCW 72.09.310.
Claiming they were not in DOC custody because they had served their sentences in a county jail and therefore were not inmates for purposes of RCW 72.09.310, the respondents filed motions to dismiss. The court ordered dismissal of the charges. The State appealed, whereupon these cases were consolidated by this court.
The respondents were each charged with escape from community custody under RCW 72.09.310. That statute provides:
An inmate in community custody who willfully discontinues making himself or herself available to the department for supervision by making his or her whereabouts unknown or by failing to maintain contact with the department as directed by the community corrections officer shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a class C felony under chapter 9A.20 RCW.
The respondents claim that they could not be charged under this section because they were not inmates. RCW 72.09.015(11) defines inmates:
"Inmate" means a person committed to the custody of the department, including but not limited to persons residing in a correctional institution or facility and persons released on furlough, work release, or community custody, and persons received *135 from another state, state agency, county, or federal jurisdiction.
The question is whether the respondents' "community custody" status makes them inmates for purposes of RCW 72.09.310.
The Sentencing Reform Act of 1981 distinguishes between defendants sentenced to a term of confinement of more than one year and those sentenced to a term of less than one year. See RCW 9.94A.190. Those who are sentenced to more than one year serve their terms in state facilities; those who are sentenced to less than one year serve their terms in local facilities. RCW 9.94A.190(1).
Distinctions also exist between "community custody," "community placement" and "community supervision."[1] Before July 1, 2000, defendants sentenced to a term of incarceration of less than one year were placed in "community supervision." Former RCW 9.94A.383 (1988). But the legislature amended this statute in the Offender Accountability Act of 1999. The amendment, effective July 1, 2000, provided that courts could impose up to one year of "community custody" on defendants who were sentenced to less than one year in jail. Former RCW 9.94A.383 (LAWS OF 1999, ch. 196, § 10); recodified at RCW 9.94A.545 (LAWS OF 2000, ch. 28, § 13).
When the legislature enacted RCW 72.09.310 in 1992, the statute did not apply to those defendants who were sentenced to one year or less because, under former RCW 9.94A.383 (1988), those particular defendants were subject only to "community supervision" and not "community custody." They were accordingly not inmates under RCW 72.09.015(11). If the legislature changed the definition of "inmate" by allowing the imposition of "community custody" on those sentenced to less than a year, they would be inmates for purposes of chapter 72.09 RCW.
To make that determination, this court must engage in statutory construction. The primary rule of statutory construction is to give effect to the legislature's intent. City of Bellevue v. E. Bellevue Cmty. Council, 138 Wash.2d 937, 944, 983 P.2d 602 (1999). If a statute's language is clear, "its plain meaning must be given effect without resort to rules of statutory construction." State v. Theilken, 102 Wash.2d 271, 275, 684 P.2d 709 (1984) (citing Murphy v. Dep't of Licensing, 28 Wash.App. 620, 625 P.2d 732 (1981)). A statute is ambiguous when it is susceptible to more than one interpretation. State v. Johnson, 119 Wash.2d 167, 172, 829 P.2d 1082 (1992).
The definition of "inmate" in RCW 72.09.015(11) is unambiguous. An "inmate" is someone committed to the custody of DOC, including but not limited to a person on community custody. At the time of their respective violations, each respondent was on community custody. Under RCW 72.09.015(11), they were inmates.
*136 Furthermore, the respondents were felons. "Once sentenced, felons are under the jurisdiction of the Department, even if serving time in a county jail." State v. Law, 110 Wash.App. 36, 40, 38 P.3d 374 (2002) (citing State v. Smeltzer, 86 Wash.App. 818, 821, 939 P.2d 1235 (1997)); see also State v. Basford, 56 Wash.App. 268, 273, 783 P.2d 129 (1989). The respondent felons were under DOC's jurisdiction and thus under its custody after sentencing. Being an inmate as defined in RCW 72.09.015(11), each respondent could be charged pursuant to RCW 72.09.310.
RCW 72.09.015(11) also states that a person committed to the custody of DOC includes "persons received from another state, state agency, county, or federal jurisdiction." Even if the respondents were initially in the custody of Yakima County, DOC took custody from the county once they started the community custody portion of their sentences.
Prior to July 1, 2000, those individuals convicted of felonies and sentenced to less than one year in jail were subject only to "community supervision." The Offender Accountability Act of 1999 expanded the use of "community custody" to those convicted of felonies and sentenced to less than one year in jail. In so doing, it also expanded the definition of "inmate" by including those who would not have been subject to community custody prior to the amendments. The statutes are clear and unambiguous. The respondents were on community custody and thus in the custody of DOC. They are therefore inmates as defined in RCW 72.09.015(11) and properly charged with escape from community custody. The court erred by dismissing the charges.
Reversed.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.
NOTES
[1] Those terms are defined in RCW 9.94A.030 as:

"(5) `Community custody' means that portion of an offender's sentence of confinement in lieu of earned release time or imposed pursuant to RCW 9.94A.505(2)(b), 9.94A.650 through 9.94A.670, 9.94A.690, 9.94A.700 through 9.94A.715, or 9.94A.545, served in the community subject to controls placed on the offender's movement and activities by the department. For offenders placed on community custody for crimes committed on or after July 1, 2000, the department shall assess the offender's risk of reoffense and may establish and modify conditions of community custody, in addition to those imposed by the court, based upon the risk to community safety.
". . . .
"(7) `Community placement' means that period during which the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned release. Community placement may consist of entirely community custody, entirely postrelease supervision, or a combination of the two.
". . . .
"(9) `Community supervision' means a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 16.52.200(6) or 46.61.524. Where the court finds that any offender has a chemical dependency that has contributed to his or her offense, the conditions of supervision may, subject to available resources, include treatment. For purposes of the interstate compact for out-of-state supervision of parolees and probationers, RCW 9.95.270, community supervision is the functional equivalent of probation and should be considered the same as probation by other states."