IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32077-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT ALAN GABRIEL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Robert Gabriel appeals the superior court's decision under CrR 7.8 to vacate its erroneous discharge order entered after Mr. Gabriel's failure to pay restitution for his malicious mischief. Mr. Gabriel contends the court erred in granting the State's motion to vacate because it was untimely under RCW 10.73.090. We disagree and affirm.

## FACTS

In September 2004, the State charged Mr. Gabriel with first degree malicious mischief for "knowingly and maliciously caus[ing] physical damage in excess of one thousand five hundred dollars ($1,500.00) to an excavator the property of another, R2 Construction." Clerk's Papers (CP) at 1. In February 2005, Mr. Gabriel pleaded guilty to first degree malicious mischief. The plea statement partly states, "The prosecuting attorney will make the following recommendation to the judge: 3 months concurrent to

other cases, dismiss malicious mischief 2nd degree, pay restitution on dismissed case."

CP at 5. The dismissed case was apparently a separate malicious mischief charge

involving damage to a friend's vehicle.

At sentencing, the court crossed out the amount of restitution to be paid to R2

Construction and wrote "to be determined." CP at 12. After a few continuances, a

restitution hearing was held on July 27, 2005 and the court ordered Mr. Gabriel to pay

$5,637.51. The restitution ordered was never entered into the State's database that

tracks legal financial obligations.

On May 3, 2012, the trial court entered a discharge order with a financial history

attached incorrectly showing all legal financial obligations had been paid. Mr. Gabriel

received a final notice (mailed on April 1, 2013) from the superior court requesting

payment of $5,637.51. In response, on May 1, 2013, Mr. Gabriel filed a motion to strike

restitution alleging the court's lack of jurisdiction to order payment based on the May

2012 discharge. The State responded with an August 19, 2013 motion to vacate the

discharge order.

In its letter opinion, the trial court found the discharge order was "entered

erroneously," as Mr. Gabriel had not paid the ordered restitution. CP at 34. The court

noted Mr. Gabriel's payments went to his fines, costs and assessments and not to

restitution. The court concluded it was appropriate to grant the State's motion to vacate

the discharge order "pursuant to CrR 7.8(a) and/or CrR 7.8(b)(4) or (5)." CP at 34. Mr.

Gabriel appealed. The State limits its response to CrR 7.8(b)(4).

2

ANALYSIS

The issue is whether the trial court erred by granting the State's CrR 7.8(b)(4) motion to vacate the discharge order. Mr. Gabriel contends the court should have denied the request as untimely under CrR 7.8 and RCW 10.73.090.

We review a trial court's decision to vacate a judgment under CrR 7.8 for an abuse of discretion. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994). An abuse of discretion occurs when the trial court's decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State v. Aguirre*, 73 Wn. App. 682, 686, 871 P.2d 616 (1994). Interpreting law and applying law to facts are legal matters we review de novo. *State v. Law*, 110 Wn. App. 36, 39, 38 P.3d 374 (2002).

CrR 7.8 provides relief from judgment in certain circumstances. The trial court here referenced "CrR 7.8(a), and/or CrR 7.8(b)(4) or (5)" as a basis for its decision. CP at 34. CrR 7.8(a) relates to clerical mistakes, CrR 7.8(b)(4) relates to void judgments, and CrR 7.8(b)(5) is a catchall provision for any other reason justifying relief. The State relies solely upon CrR 7.8(b)(4).

Superior court criminal rule (CrR) 7.8(b)(4) provides for relief from void judgments. "A void judgment is one entered by a court 'which lacks the inherent power to make or enter the particular order involved.'" *State v. Reanier*, 157 Wn. App. 194, 200-01, 237 P.3d 299 (2010) (quoting *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). In other words, the sentencing court must have inherent authority to enter an order for the order to be valid. RCW 9.94A.637(1)(a) authorizes sentencing

3

courts to discharge an offender solely "[w]hen an offender has completed all requirements of the sentence, including any and all legal financial obligations," upon proper notification of requirements completion. The erroneous discharge order negatively affected the restitution order required by the judgment and sentence. Under these circumstances CrR 7.8(b)(4) was used appropriately to effectuate the judgment and sentence.

Because Mr. Gabriel had not yet satisfied his sentence, the court lacked authority to enter a discharge order. As such, the order was "void" upon entry. *Reanier*, 157 Wn. App. at 200-01. Mr. Gabriel asks whether the motion to vacate on this basis was timely. The time limit for a motion to vacate under CrR 7.8(b)(4) is a "reasonable time," subject to RCW 10.73.090(1). RCW 10.73.090(1) provides, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is *valid on its face* and was rendered by a court of competent jurisdiction." (Emphasis added.) Significantly, Mr. Gabriel does not contest his initial obligation to pay restitution in the judgment and sentence and solely contests the later order withdrawing his discharge.

The discharge order was entered on May 3, 2012. Because the restitution ordered was never entered into the State database, which tracks legal financial obligations, the State did not become aware restitution was not satisfied until May 1, 2013, when Mr. Gabriel filed his motion to strike restitution. The State responded with a motion to vacate the discharge order on August 19, 2013, just over 3 and one half

4

months after learning of the oversight. This amount of time is reasonable. *See State v. Klump*, 80 Wn. App. 391, 397, 909 P.2d 317 (1996) (requested relief under CrR 7.8(b) within 3 months was reasonable).

Facial invalidity can exist if a trial court lacked the statutory authority to impose a sentence or, in this case, to discharge a sentence. *In re Pers. Restraint of Scott*, 173 Wn.2d 911, 916, 271 P.3d 218 (2012). As discussed above, the trial court does not have statutory authority to discharge a sentence before "an offender has completed all requirements of the sentence, including any and all legal financial obligations." RCW 9.94A.637(1)(a). A discharge order entered before the offender has completed all sentence requirements would render the order facially invalid under *Scott*. Moreover, as we have reasoned above, Mr. Gabriel attacks solely the later order withdrawing his discharge, not his responsibility to pay restitution in the first place.

In sum, the State's motion to vacate under CrR 7.8(b)(4) was timely. The one-year time limit of RCW 10.73.090 does not apply. Accordingly, the trial court did not err by abusing its discretion in granting the State's motion to vacate the discharge order.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW

5

No. 32077-4-III
*State v. Gabriel*

2.06.040.

WE CONCUR:

_____
Siddoway, C.J.

_____
Brown, J.

_____
Lawrence-Berrey, J.