# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>LENWOOD JEFFREY MCCULLUM,<br><br>                                 Petitioner. | No. 59052-2-II<br><br><br><br>PUBLISHED OPINION |

CRUSER, C.J. —In 1995, Lenwood McCullum was charged under former RCW 72.66.060 (1971), for willfully failing to return from furlough. At the time, he was under the custody of Oakridge Group Home, a juvenile rehabilitation facility. He was granted leave for a four-hour community outing and failed to return as ordered. McCullum argues that the statute applied only to prisoners in the custody of the Department of Corrections (DOC), and therefore it did not apply to him because he was under the custody of a juvenile rehabilitation facility. In this personal restraint petition, McCullum argues that relief should be granted because the judgment is invalid on its face. The State responds that in order to show that the statute did not apply to him, McCullum would need to show that he was confined at the time solely due to a juvenile adjudication, and he would need to establish that a juvenile cannot be "convicted" of a felony. We agree with McCullum and hold that former RCW 72.66.060 did not apply to him because he was under the custody of a group home at the time. Therefore, McCullum's conviction is invalid on its face and we grant relief accordingly. Because we grant relief on this basis, we do not reach McCullum's additional claims.

FACTS

I. FAILURE TO RETURN FROM FURLOUGH CONVICTION

In October 1995, McCullum was charged with the crime of willfully failing to return from furlough, under former RCW 72.66.060. The crime occurred in July 1995, when McCullum was being held at Oakridge Group Home, a juvenile rehabilitation facility.[1] After being approved for a "four hour community outing" away from the group home, McCullum failed to return at the time ordered. Clerk's Papers (CP) at 2.

According to a conviction summary filed in August 1996, McCullum was convicted as a juvenile of burglary in the first degree. The disposition date for the burglary conviction was in June 1994. Based on the conviction summary sheet, it appears that McCullum was not convicted of any other crimes between the burglary charge in June 1994 and the failure to return from furlough charge in October 1995. [2]

On McCullum's "Statement of Defendant on Plea of Guilty," he wrote that at the time of the crime, he was an inmate at the group home and stated that he willfully failed to return to Oakridge Group Home after a four-hour community outing, as designated in his furlough order. McCullum explained in his statement that he had been detained at the group home after being "sentenced for burglary 1." *Id.* (capitalization omitted).

The judgment and sentence lists McCullum's crime of willfully failing to return from furlough as a felony. The judgment and sentence did not include McCullum's criminal history.

---

[1] Oakridge Community Facility, https://www.dcyf.wa.gov/services/juvenile-rehabilitation/residential-facilities/oakridge (last visited Nov. 11, 2024).

[2] The conviction summary identifies the failure to return from furlough charge as an "[e]scapee, [f]ugitive" charge. CP at 5.

McCullum was sentenced to 93 days of confinement and ordered to pay $210 in legal financial obligations.

## II. SUBSEQUENT PROCEDURAL HISTORY

In July 2023, McCullum filed a motion to vacate the judgment. In his reply in support of his motion to vacate, McCullum included his criminal history for the purpose of showing that at the time of his conviction for failure to return from furlough, "he was confined only on a juvenile adjudication." *Id.* at 51. As such, he argued, his conviction should be vacated because the failure to return from furlough statute did not apply to people who were held in juvenile detention. McCullum included information regarding his criminal history from two documents, both related to his 1997 conviction of first degree murder. According to the judgment and the presentence investigation in the murder conviction, McCullum was convicted as a juvenile of burglary in the first degree in June 1994, and sentenced to 160 weeks of confinement.

## ANALYSIS

### MCCULLUM'S CONVICTION IS FACIALLY INVALID AS THE STATUTE DID NOT APPLY TO HIM

McCullum argues that his judgment is invalid on its face because he "was convicted of the non-existent crime of failing to return from a furlough to custody imposed by a juvenile court." Mem. in Supp. of Pers. Restraint Pet. (Mem.) at 8. He contends that the statute he was convicted under, former RCW 72.66.060, "applied solely to felons under the control of the Department of Corrections," and "did not apply to individuals, like [him], confined to a juvenile detention facility." *Id.* at 4. McCullum argues that because "furlough" within the meaning of the statute applied only to " 'eligible residents,' " and the definition of " 'resident' " under the statute only

included those " 'convicted of a felony and serving a sentence for a term of confinement in a state correctional institution or facility," it did not apply to him. *Id.* (quoting former RCW 72.66.060).

The State does not focus its arguments on the fact that McCullum was in the custody of a group home at the time of his conviction rather than the DOC. Instead, the State responds that in order to prove that former RCW 72.66.060 did not apply to him, McCullum would need to show that he was confined on a juvenile adjudication only, and establish that "a juvenile cannot be 'convicted' of a felony." Br. of Resp't at 7. The State argues that McCullum fails to prove that he was confined at the time of the crime solely on a juvenile adjudication, as that fact is not apparent from the face of the judgment, the charging information, or the statement of probable cause. Furthermore, the State argues, McCullum is unable to show that he was not " 'convicted of a felony' " at the time of the furlough. *Id.* at 14 (boldface omitted). The State argues that McCullum's reliance on *In re Personal Restraint of Frederick*, 93 Wn.2d 28, 604 P.2d 953 (1980), is misplaced and the Sentencing Reform Act makes it clear "that juvenile felony adjudications in an adult offender's criminal history are 'convictions.' " Br. of Resp't at 18.

We agree with McCullum and hold that former RCW 72.66.060 applied only to prisoners under the custody of DOC, and as such, the statute did not apply to McCullum who was under the custody of a juvenile group home at the time, rendering the conviction invalid on its face.

A. Legal Principles

*1. Facial Invalidity*

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A

judgment is invalid under the statute "only where a court has in fact exceeded its statutory authority in entering the judgment or sentence." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). Examples of a judgment found to be invalid on its face include cases where a judge imposed an unlawful sentence, the sentence exceeds statutory maximum, or a defendant is convicted of a nonexistent crime. *Id*.

In determining whether a judgment is invalid "on its face," in addition to reviewing the judgment and sentence itself, reviewing courts may consider "documents that reveal some fact that shows the judgment and sentence is invalid on its face because of legal error." *Id.* at 138-39. Courts have "found invalidity based upon charging documents, verdicts, and plea statements of defendants on plea of guilty," but have not based a finding of invalidity on "jury instructions, trial motions, and other documents that relate to whether the defendant received a fair trial." *Id.* at 140.

*2. Former RCW 72.66.060*

Former RCW 72.66.010 (1981) and former RCW 72.66.060 are the governing statutes in this petition. McCullum was convicted under former RCW 72.66.060, which states:

> Any furloughed prisoner who willfully fails to return to the designated place of confinement at the time specified in the order of furlough shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a felony and sentenced to a term of confinement of not more than ten years. The provisions of this section shall be incorporated in every order of furlough granted by the department.

Former RCW 72.66.010 contains the following definitions relevant to this petition:

> (1) "Department" means the department of corrections.

> (2) "Furlough" means an authorized leave of absence for an eligible resident, without any requirement that the resident be accompanied by, or be in the custody of, any law enforcement or corrections official while on such leave.

> . . . .

(4) "Resident" means a person convicted of a felony and serving a sentence for a term of confinement in a *state correctional institution or facility*, or a state approved work or training release facility.

(Emphasis added.)

In *State v. Kent*, 62 Wn. App. 458, 814 P.2d 1195 (1991), this court addressed whether two misdemeanor jail prisoners who failed to return to the jail on time, one from a work release and one from a medical furlough, were subject to liability under the statute governing escape in the second degree, or the statute governing willfully failing to return from a furlough. The State charged both defendants with escape in the second degree, but the trial court dismissed the charges, finding that "the term 'escape' requires 'some actual physical leaving of confinement without permission.' " *Id*. at 459. This court held that the trial court erred in concluding that the defendants' conduct did not constitute escape, and that the prisoners were indeed subject to liability under RCW 9A.76.120(1)(a), governing escape in the second degree. *Id*. at 460.

The court in *Kent* explained that "RCW 72.66.060 is a specific statute applying to felons under the control of the Department of Corrections," and that the statute "does not apply to misdemeanants or to felons under the county's custody." *Id.* at 461. As such, prisoners under the county's custody are instead subject to liability under RCW 9A.76.120(1)(a). *Id.* at 461.

In *State v. Law*, 110 Wn. App. 36, 40, 38 P.3d 374 (2002), Division Three of this court reiterated this distinction between the statutes regarding escape in the second degree and failure to return from furlough. "The [furlough] statute does not apply to misdemeanants and felons in custody of the county, who are subject to the escape statute." *Id.* In that case, Law was being held in jail awaiting sentencing, and the sentencing court granted him leave to go to a dental appointment from which Law failed to return. *Id*. at 38. The court held that because Law was not

" 'serving a sentence' at the time he failed to return," he was "not a 'resident' and could not have been on furlough, as defined by the statute." *Id*. at 40. The court explained that determining whether an escapee's conduct is governed by the furlough statute or the escape statute, depends "on whether the defendant was under the authority of the Department of Corrections (Department) at the time of the crime." *Id.* "Read as a whole, the chapter, including former RCW 72.66.060, applies solely to felons in the jurisdiction of the Department." *Id.* at 41.

B. Application

In McCullum's case, there is no dispute that at the time of the crime, he was residing in the Oakridge Group Home. This fact is apparent from the charging document, which courts may consider in assessing the invalidity of a conviction. *Coats*, 173 Wn.2d at 140. McCullum states that Oakridge Group Home is and was a juvenile detention facility, and that "[a] juvenile detention facility is not under the control of the corrections department." Mem. at 5. The State is required to "identify in the response all material disputed questions of fact," under RAP 16.9(a), and it does not identify McCullum's statement that Oakridge Group Home was not under the control of the DOC as a disputed question of fact.

The Oakridge Group Home (now known as the Oakridge Community Facility), is a juvenile rehabilitation facility.[3] Under the Juvenile Justice Act of 1977, ch. 13.40 RCW, the Act governs certain juvenile detention facilities, including "county group homes, inpatient substance abuse programs, juvenile basic training camps, and electronic monitoring." Former RCW 13.40.020(11) (1994), recodified as RCW 13.40.020(12). According to the Act, in regard to the

---

[3] Oakridge Community Facility, https://www.dcyf.wa.gov/services/juvenile-rehabilitation/residential-facilities/oakridge (last visited Nov. 11, 2024).

administration of juvenile rehabilitation programs, "[t]he secretary, . . . or the secretary's designee shall manage and administer the department's juvenile rehabilitation responsibilities, including but not limited to the operation of all state institutions or facilities used for juvenile rehabilitation." Former RCW 13.40.460 (1994). "Department" refers to the Washington State Department of Social and Health Services, and "secretary" means the secretary of the department. Former RCW 13.40.020(10); former RCW 13.40.020(22). In short, at the time of McCullum's conviction, the Department of Social and Health Services had authority over juvenile group homes, such as the Oakridge Group Home, meaning that McCullum was not under the custody of the DOC.[4]

According to chapter 72.66 RCW, "[f]urlough" applies to "eligible resident[s]," and "[r]esident" is defined as "a person convicted of a felony and serving a sentence for a term of confinement in a state correctional institution or facility, or a state approved work or training release facility." Former RCW 72.66.010(2), (4). As the *Kent* court explained, and as the *Law* court reiterated, "RCW 72.66.060 is a specific statute applying to felons under the control of the Department of Corrections," and that the statute "does not apply to misdemeanants or to felons under the county's custody." *Kent*, 62 Wn. App. at 461; *Law*, 110 Wn. App. 36, 39, 38 P.3d 374 (2002).

As such, because former RCW 72.66.060 only applied to prisoners in the custody of DOC, and McCullum was in the custody of a juvenile rehabilitation facility rather than DOC, he was not a "resident" and could not be convicted under former RCW 72.66.060. Thus, his judgement and sentence is facially invalid and he is entitled to relief.

---

[4] In 2017, authority over juvenile group homes was shifted from the Department of Social and Health Services to the Department of Children, Youth, and Families. Laws of 2017, 3rd Spec. Sess., ch. 6, § 605.

No. 59052-2-II

CONCLUSION

We hold that because former RCW 76.66.060 did not apply to McCullum, his judgement

and sentence is facially invalid due to legal error, and grant relief accordingly.

CRUSER, C.J.

We concur:

LEE, J.

VELJACIC, J.

9